## SAMS v. HOOVER.

1. Pending an appeal in the Circuit Court from the judgment of a trial justice, the Circuit Court has no authority to order a new trial on the ground of newly-discovered evidence. Such a motion could be granted only by the trial justice when moved before him within the time prescribed by statute for motions for new trial.

2. To entitle a party to a new trial on the ground of after-discovered evidence, he must make at least three facts appear to the satisfaction of the court: 1st. That it was discovered after the former trial. 2nd. That it could not, by the use of due diligence, have been discovered at or before the former trial. 3rd. That it is material. Neither of these three facts is shown in this case.

3. From a finding by the Circuit Judge that sufficient facts are not shown to warrant the granting of such a motion, no appeal lies.

Before WITHERSPOON, J., Hampton, June, 1889.

This was an action by Sams & Clark against J. A. Hoover for the recovery of the possession of a mule. The affidavit upon which the motion for new trial was based, was as follows:

Personally appeared W. J. Williams, who, on oath, says that he was present when Cyrus McPherson executed the mortgage of the "buck mule," 17th January, 1888, to G. H. Hoover, agent; that Moses Chisolm was present and told Cyrus McPherson to mortgage the "buck mule" to Josephine A. Hoover. That the mule named "Buck" was the property of Cyrus McPherson; said "that he had sold the mule to Cyrus McPherson;" that Moses Chisolm was present and saw Cyrus McPherson sign, seal, and deliver the mortgage to Geo. H. Hoover, agent.

*Mr. A. M. Youmans*, for appellant.

*Mr. W. S. Tillinghast*, contra.

26—33

October 7, 1890.. The opinion of the court was delivered by.

Mr. Justice McIver. The action in this case was originally instituted in the trial justice's court, and the plaintiff having recovered judgment there, the defendant gave due notice of appeal to the Circuit Court. Upon the call of the case in the last mentioned court, defendant moved for a new trial in the trial justice's court, upon the ground of after-discovered evidence, set out in an affidavit of one Williams, which may be found in the "Case;" it being then too late to move before the trial justice for a new trial within the time prescribed by statute. His honor, Judge Witherspoon, dismissed the motion upon two grounds: 1st. Because the Circuit Court had no authority to grant the motion. 2nd. Because, even if the Circuit Court had such authority, no sufficient grounds had been shown for granting the motion. From this judgment defendant appeals, alleging error in both of the grounds upon which the Circuit Judge based his judgment in refusing the motion.

The appellate jurisdiction of the Circuit Court in cases originating in a trial justice's court does not embrace the hearing of a motion for a new trial in the latter court upon the ground of after-discovered evidence; for an appeal necessarily involves the idea of reviewing some action of the court below, alleged to be erroneous, and a motion for a new trial upon the ground of after-discovered evidence does not involve such an idea. It does not allege any error in the action of the court from which the appeal is taken, but is designed solely to supply a supposed deficiency in the evidence upon which the court below acted. It has none of the features of an appeal, but it is a purely original matter, for the first time brought to the attention of the court, and hence the Circuit Court, exercising only appellate jurisdiction, had no authority to entertain such motion.

It is upon this principle that this court, having only appellate jurisdiction, except in a certain class of cases, has invariably declined to entertain a motion for a new trial in the Circuit Court upon the ground of after-discovered evidence, but has only gone so far as to suspend the appeal, so that the appellant may make the motion before the Circuit Court, provided a proper *prima facie* showing is made here to warrant such a course. But it does not

appear that any such application was made to the Circuit Court in this case ; and even if it had been made, it could not have availed the defendant anything,. as the time·limited for making a motion for a new trial before a trial justice upon any ground had already expired. The power .of a trial justice to grant a new trial for any cause being derived solely from the statute, which· limits the time within which such power may be exercised, we do not see how any court could disregard such limitation. This may be very unfortunate, as the alleged new evidence may not be discovered until after the expiration of the time prescribed by statute within which a motion for new trial before a trial justice may be made ; it may be a *casus omissus*, but this court has neither the authority nor the disposition to undertake to supply omissions in a statute, whether supposed or real. The same difficulty cannot arise in a motion before the Circuit Court for a new trial upon the ground of after-discovered evidence, for the statutes (Gen. Stat., §§ 2113, 2652) which confer the power to grant· new trials upon that court, do not prescribe any time within which such motions must be made, and sections 286 and 287 of the Code manifestly relate only to motions for a new trial upon a ground arising out of something which occurred at the trial. See also *State* v. *David*, 14 S. C., 428. We agree, therefore, with the Circuit Judge that he had no authority to entertain the motion.

We also concur with him that, even if he had such authority, the motion should have been refused. To justify the granting of a motion for a new trial upon the ground of after-discovered evidence, the moving party must establish to the satisfaction· of the court before which the motion is made, at least three facts : 1st. That the proposed new evidence was discovered after ·the former trial. 2nd. That it could not, by the use of due diligence, have been discovered in time to be offered at the former trial. 3rd. That it is material. *State* v. *Workman*, 15 S. C., 540 ; *Durant* v. *Philpot*, 16 *Id.*, 116. The affidavit of Williams, above referred to, is wholly deficient in regard to the first two of these facts, and there is not enough in the "Case" to enable us to determine whether the proposed new evidence was material or not, as we are not informed what was the real issue

at the former trial. But, even assuming that it is material, there is not a particle of evidence in the record which shows either that the new evidence· was in fact discovered after the former trial, or that it could not, by the use of due diligence, have been discovered in time to have been offered at the former trial; and either of these defects would be fatal to the motion.

In addition to this, we may add that the conclusion of the Circuit Judge, that the showing made is not sufficient to warrant the granting of the motion, is final and not appealable, unless it appears, as it did in the case of *State* v. *David, supra,* that such conclusion was based upon some erroneous ruling of law.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.