## 7691

### MILLS v. ATLANTIC COAST LINE R. R.

NEW TRIALS.—A motion for a new trial on after-discovered evidence is
addressed to the discretion of the Circuit Court and the refusal of
such motion will not be reviewed unless it appears that there was
abuse of discretion or that the exercise of discretion was controlled
by some error of law. Principles applying in motions for new trials
on after-discovered evidence stated.

Before DEVORE J. Charleston April 1909.    Affirmed.

Motion to dismiss appeal from order refusing new trial
on after-discovered evidence by defendant in L. A. Mills
against Atlantic Coast Line R. R. Co. The Circuit order
refusing the motion is:

"This was a motion heard by me at this April term of
Court, 1909, for the above county for a new trial in the
above stated case, upon after-discovered evidence. It
appears that the case was tried once by Judge Gage and
a jury, and resulted in a verdict for plaintiff for sixteen
thousand dollars, after which, upon motion for a new trial,
on the minutes of this Court, Judge Gage granted same.
Thereafter the case was again tried by Judge Hydrick and a
juy, at March term of Court, 1908, for the above county,
and resulted in a verdict for plaintiff for eighteen thousand
dollars: whereupon motion for a new trial was again made,
and refused by Judge Hydrick. The case is now pending in
the Supreme Court upon appeal. The after-discovered evi-
dence upon which this motion is made, is based upon, as
admitted in argument of counsel, and as appears from the
record used before me, an affidavit of a detective employed
by the defendant for the purpose of keeping watch upon the
plaintiff, and making report of his conduct and actions since
the last trial. In fact the detective states in the affidavit,
'it correctly sets out the conduct and actions of Mr. Mills
during the period beginning on the 13th of November and

ending on the 31st day of December, 1908.' The object of the evidence set forth and contained in this affidavit, signed by J. N. Cook, is for the purpose, as I understand its import, to show that the plaintiff could not have been as seriously injured as claimed in his complaint and as appeared from the evidence in the case when tried. Now, the evidence set forth in the affidavit, it will be sufficient to state (see affidavit), is of such a character and nature as will form the basis and foundation for the introduction of expert testimony in case a new trial is granted, for the purpose of explaining what the evidence contained in the affidavit means in so far as the same relates to and concerns the serious injury alleged and claimed by the plaintiff to have been inflicted upon him by the defendant. While I am to assume for the purpose of this motion that the after-discovered evidence is true, or rather I am not called upon to pass upon its truthfulness, yet I feel it my duty to take into consideration that the expert testimony would be submitted on behalf of the plaintiff as well as the defendant, and in rebuttal to that of defendant, for the purpose of showing and explaining the conduct and actions of plaintiff in so far as same relates to and concerns the seriousness of plaintiff's injury. It is well to state that there are several other affidavits which were submitted, but all in substance relate to and concern the conduct and actions of plaintiff since the last trial. Without taking into consideration, in passing upon this motion, that there may be some doubt as to whether or not the evidence can be regarded as after-discovered, on account of the fact that it was not in existence at the time of the former trial, but has come into existence, I cannot see my way clear to grant a new trial in this case. The rule is, and ought to be, that the after-discovered evidence should be such as would, not possibly, but probably change the result of the last trial, or former trial. The evidence before me does not so impress me. Indeed, I do not think it would probably change the result.

"The reason of the rule is plain and clear. The judgments of the Courts should be looked upon with that degree of solemnity and respect which they must always command from a people and the public generally. They must have a stability and fixedness that will insure confidence and safety to the public, hence if they are to be lightly regarded, and vacated unless upon ample and sufficient reason, based upon strong grounds, they will be regarded as uncertain and vacillating. There are, no doubt, cases in which the solemn determinations, judgments, of the Courts should be vacated, but this should not be done unless for the soundest and clearest reasons, otherwise under the law, as it exists in this State at present, the Circuit Judges will be called upon to try, so to speak, upon affidavits containing after-discovered evidence, every hotly contested case of any importance.

"The evidence in this case not being of such a character and nature, and so convincing as to enable me to say that it would probably change the result of the last trial, I am therefore forced to refuse the motion for a new trial.

"It is, therefore, ordered that said new trial be, and the same is hereby, refused."

From this order the defendant appeals on the following exceptions:

First. "Because the presiding Judge erred in holding as follows: 'Now, the evidence set out in the affidavits, it will be sufficient to state (see affidavits), is of such a character and nature as will form the basis and foundation for the introduction of expert testimony, in case a new trial is granted for the purpose of explaining what the evidence contained in the affidavits means, in so far as the same relates to and concerns the serious injury alleged and claimed by the plaintiff to have been inflicted upon him by the defendant,' the error assigned being that the evidence set out in the affidavits being not only such as would form the basis and foundation for the introduction of expert testimony, but also to show the actual physical

condition of the plaintiff, who had claimed to be permanently injured, such testimony was in itself material to the issues raised by the pleadings without reference to any expert testimony that might thereafter be offered on the trial of the case, as to the permanent physical disability of the plaintiff.

Second. "Because the presiding Judge erred in holding, 'The rule is and ought to be that the after-discovered evidence should be such as would, not possibly but probably, change the result of the last trial, or former trial; the evidence before me does not so impress me. Indeed, I do not think it would probably change the result.' * * * And also, 'The evidence in this case not being of such a character and nature, and so convincing as to enable me to say it would probably change the result of the last trial, I am, therefore, forced to refuse the motion for a new trial;' the error assigned as to both of the above holdings being, that the questions before the Court upon the motion for a new trial upon the ground of after-discovered evidence were, First, whether such evidence was discovered after the trial; second, whether such evidence was material to the issue raised by the pleadings, and third, whether such evidence could have been discovered before the trial by the defendant by the exercise of due diligence, and that under the pinciples decided and rulings laid down by the Supreme Court, if these questions were resolved in the affirmative, then the new trial upon the ground stated ought to be ganted.

Third. "Because the presiding Judge erred in not holding that the newly discovered evidence would affect the result."

*Messrs. Legare, Holman* and *Baker* for the motion.

*Messrs. Willcox & Willcox, W. Huger Fitzsimons, T. Moultrie Mordecai* and *Henry E. Davis* contra.

October 21, 1910.   The opinion of the Court was deliv-
ered by

MR. CHIEF JUSTICE JONES.    This is a motion to dismiss
an appeal from an order of Judge DeVore dated April 17,
1909 refusing motion for a new trial on after-discovered
evidence.

During the pendency of the appeal from the judgment on
verdict the defendant, appellant moved this Court for a sus-
pension of the appeal that motion for new trial on after-
discovered evidence could be made in the Circuit Court, and
this Court, under the authority of *State* v. *Lee,* 80 S. C.,
367, 61 S. E. 657, decided that the Circuit Court had juris-
diction to entertain such a motion notwithstanding the
pendency of an appeal, 82 S. C. 126, and that the proper
practice was to make such motion in the Circuit Court.

Thereupon the motion was made before Judge DeVore
on Circuit and resulted in the order dismissing the motion,
upon the ground that the evidence submitted was not of
such a nature as would probably change the result, should a
new trial be ordered.   The defendant gave notice of appeal
from said order, which order with the exceptions thereto
are herewith reported for such reference as the disposition
of this motion may require.

The motion to dismiss is upon the following grounds:

1. Because no appeal will lie from an order refusing a
motion for a new trial on the ground of after-discovered
evidence unless there has been an abuse of discretion, and
none such has been shown to exist in this case by the excep-
tions and assignments of error.

2. That it appears from the decree of Judge DeVore that
he refused said motion upon the facts, in that, he was not
satisfied that the showing made by the defendant would
justify the Court in granting a new trial on the ground of
after-discovered evidence based upon the affidavit of a
detective, who subsequent to the trial, had watched the

actions of the plaintiff; and no appeal will lie from such finding.

3. Because no appeal will lie from the order of Judge DeVore in this case, as the same involves a matter of discretion, which will not be reviewed in this Court in the absence of abuse of discretion.

The rule is well settled that a motion for a new trial on after-discovered evidence is addressed to the discretion of the Circuit Court and the refusal of such motion will not be reviewed unless it appears that there was abuse of discretion, or that the exercise of discretion was controlled by some error of law. *State* v. *David,* 14 S. C. 432; *State* v. *Workman,* 15 S. C. 547; *Sams* v. *Hoover,* 33 S. C. 404, 12 S. E. 8; *Seegers* v. *McCreery,* 41 S. C. 549, 19 S. E. 696; *Peeples* v. *Werner & Co.,* 51 S. C. 405, 29 S. E. 659.

Such a motion must generally depend upon matters of fact, over which this Court has no jurisdiction in actions at law. Neither the order of Judge DeVore nor the exceptions thereto, which have been brought to our attention in this motion, show any abuse of discretion or error of law controlling the exercise of discretion.

In *Sams* v. *Hoover,* 33 S. C. 403, 12 S. E. 8, the Court declared: "To justify the granting of a motion for a new trial upon the ground of after-discovered evidence, the moving party must establish to the satisfaction of the Court before which the motion is made at least three facts: 1. That the proposed new evidence was discovered after the former trial. 2. That it could not by the use of due diligence have been discovered in time to be offered in the former trial. 3. That it is material."

This does not mean that such a showing entitles one as matter of right to a new trial, but that such facts are necessary to invoke the exercise of the Court's discretion. Notwithstanding such a showing the Court may properly decline to grant a new trial, for it may not appear that the ends of justice will be better promoted by a new trial.

While the evidence may be such as would be admissible on another trial and may be material, it may not be regarded by the Court as sufficiently material to warrant a belief that the result would be different.

That the result may possibly be different on another trial is not the test, for in cases of conflict of testimony there is always the possibility of a different result. It should at least appear to the Court that the newly-discovered testimony would probably change the result. *Wardlaw* v. *Oil Mill,* 74 S. C. 376, 54 S. E. 658.

In *State* v. *David,* 14 S. C. 432, the Court declared: "There can be no doubt that motions of this sort should be received with the utmost caution, because as it is said by a learned Judge, there are but few cases tried in which something new may not be hunted up and also because it tends to perjury."

As the record does not show an appealable or reviewable case the motion is granted and the appeal dismissed.