8657

. MILLER v. ATLANTIC COAST LINE R. R. CO.

1. NEW TRIALS—APPEAL.—The discretion vested in the Circuit Court in deciding motions for new trials is not absolute or arbitrary but judicial and must be exercised on legal grounds. This Court will correct any manifest error in the exercise of such discretion.

2. IBID.—While this Court has no jurisdiction to review orders in motions for new trials where they are based upon or involve issues of fact, yet when no ground is given in the order and the record shows any ground on which it can be based this Court will assume it was rested on such ground. Here the refusal of the motion is held to have been rested on issues of fact. Whether the evidence claimed to be "after discovered" was "after thought of" and whether it would lead any reasonable mind to conclude it would probably change the result.

Motion by plaintiff to dismiss defendant's appeal from order refusing new trial.

*Messrs. Best & Cunningham, L. D. Jennings* and *John F. Clifton,* for the motion.

*Messrs. P. A. Willcox, Purdy & Bland, Mark Reynolds* and *Lucian W. McLemore,* contra.

September 29, 1913. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. This is the third appeal in this case. The action was begun in September, 1910, to recover damages for personal injuries sustained by plaintiff on October 18, 1909, while in defendant's service as a locomotive engineer. The first trial was had at the November term, 1910, of the Circuit Court for Sumter, and resulted in a judgment for defendant, by direction of the Court. The opinion of this Court, reversing that judgment, was handed down on December 21, 1911. 90 S. C. 249. The second trial was had at the March term, 1912, and plaintiff obtained

a verdict and judgment for $35,000, which was affirmed by this Court, in an opinion filed April 30, 1913.    94 S. C. 388. While the last appeal was pending in this Court, the defendant moved the Circuit Court, at the March term, 1913, for a new trial, on the ground of after-discovered evidence.    The Court refused the motion, in a short order, without assigning any reasons therefor.    This appeal is from that order.

After the return had been filed in this Court, plaintiff moved to dismiss the appeal on the grounds (1) that the order is not appealable, because the refusal of the motion was discretionary; and (2) because the appeal was taken merely for delay.

While it is true that motions for new trials are addressed to the discretion of the Court, yet the discretion is not absolute or arbitrary, but judicial.    Its exercise must, therefore, be predicated upon legal grounds.    And, while this Court will not substitute its discretion for that of the Circuit Court, it will correct any manifest error in the exercise of the discretion vested in that Court.

An order granting or refusing a new trial is expressly made appealable in section 11 (D), subdivision 2, of the Code of Procedure.    But the right of appeal must necessarily be limited to such orders as this Court has jurisdiction to review.

We have held in cases too numerous to mention that, under the constitutional limitation of the power of this Court to the correction of errors of law, in law cases, such as this is, we have no jurisdiction to review orders granting or refusing new trials, when they are based upon or involve the decision of questions of fact, unless it appears that the finding is wholly unsupported by evidence, or the conclusion reached was influenced or controlled by some error of law.

The order of the Circuit Court in this case does not disclose the grounds upon which it was decided.    We have no way of ascertaining, therefore, whether it was based solely

upon findings of fact, or whether any error of law influenced or controlled the decision.    However, it must be presumed to be correct; and, therefore, if the record presents any grounds upon which the motion could have been properly refused, we must assume that the Court rested its decision upon those grounds.    *Stanford* v. *Cudd,* 93 S. C. 367, 76 S. E. 986.    And, if those grounds necessarily involve the decision of disputed questions of fact, it follows that we are without power to review the order.

It becomes necessary, therefore, to state briefly the facts and circumstances upon which the motion was decided.

On both trials in the Circuit Court, the plaintiff's physical condition and the cause of it were contested issues of fact, upon which a great deal of expert medical testimony was taken.    Plaintiff's testimony tended to prove that his nervous system was seriously and permanently impaired as the result of his injury.    Defendant's testimony tended to show that his condition was not so serious as he contended; but, if it was, that it was due to constitutional causes, and not to his injury.

After the second trial, defendant employed two men, named Stender and Primrose, to watch plaintiff's movements to see whether they were compatible with the existence of the condition of himself which he and his witnesses had testified to.    These men had plaintiff under observation from December 29, 1912, until a short time before the hearing of the motion for a new trial, some time in March, 1913. They testified that, during that time, he walked normally and naturally, and went about the streets as other men; that, on several occasions, he got on and off street cars, while in motion, with the apparent agility of the ordinary man. Some of the medical experts who had testified for the defendant at the trial, testified, on this motion, that, after careful review and consideration of all the evidence introduced at the trial, the plaintiff's activity, as testified to by Stender and Primrose, was incompatible with the physical

condition attributed to him at the time of the trial, by plaintiff himself and his witnesses; and that such condition either did not then exist, or, if it did, that he had had a complete recovery, which his experts thought would be impossible. This is the substance of the testimony relied on in support of the motion.

On the other hand, plaintiff reaffirmed the truth of his former testimony, and said that he was as bad off as ever, and denied the truth of the testimony of Stender and Primrose and introduced testimony impeaching their credibility. A number of the medical experts who had testified in his favor at the trial, testified, on the hearing of this motion, that they had examined him only a short while before the hearing, and that his condition had not improved since the trial. Some of them said that his condition then and at the time of the trial, as testified to by him and them, was not incompatible with the activity on his part testified to by Stender and Primrose; because, they said, he could have acted as stated by them by overtaxing his strength and nervous energy, but that he would have suffered the consequences.

The foregoing history of the case and statement of the evidence adduced at the trial and upon the hearing of the motion show that there was ample ground for dispute in the testimony upon at least two vital questions which involved the decision of questions of fact: 1. Whether the evidence relied upon by defendant, in support of the motion, was "after-discovered," in the legal sense of that word, or was only such as might be more correctly designated "after-thought-of" or "after-procured," and whether, by the exercise of reasonable diligence, evidence of the same kind (except, of course, the element of plaintiff's conduct after the trial and after he had won his case, and the effect which that might have had upon his mind and conduct) could not have been procured before and in time for the trial. 2. Whether the evidence was of such character that it must

necessarily have led any reasonable mind to the conclusion that, if it had been adduced at the trial, the result would probably have been different. The decision of either of those questions adversely to appellant would have been fatal to the motion. Both involved questions of fact, as the Court has decided in several cases. See *State* v. *Jones*, 89 S C. 52, and cases cited. In *State* v. *Bradford*, 87 S. C. 548, 70 S. E. 308, the defendant having been sentenced to life imprisonment, moved for a new trial on after-discovered evidence, and his motion was refused. On appeal, this Court said: "We are deeply impressed with the force of the affidavits made on these and other points on behalf of the defendant. Yet, it cannot be doubted that some of the affidavits are cumulative, and that if the statements contained in all of them had been admitted in evidence at the trial, there would have remained a sharp issue of fact which might have been decided for or against the defendant according to the view taken by the jury of the credibility of the witnesses. It cannot be said, therefore, that the affidavits must necessarily lead any reasonable mind to the inference that the newly-discovered evidence would probably change the result. Nothing short of this would justify the conclusion that the Circuit Court abused its discretion in refusing the motion. This being so, the law does not allow this Court to reverse the decision of the Circuit Court that a new trial should not be granted. In the recent case of *Mills* v. *A. C. L. R. Co.*, 87 S. C. 152, 69 S. E. 97, it is said: 'The rule is well settled that a motion for a new trial on after-discovered evidence is addressed to the discretion of the Circuit Court, and the refusal of such motion will not be reviewed, unless it appears that there was abuse of discretion, or that the exercise of discretion was controlled by some error of law. *State* v. *David*, 14 S. C. 432; *State* v. *Workman*, 15 S. C. 547; *Sams* v. *Hoover*, 33 S. C. 404, 12 S. E. 8; *Seegers* v. *McCreery*, 41 S. C. 549, 19 S. E. 696; *Peeples* v. *Werner & Co.*, 51 S. C. 405, 29 S. E. 2.

Such a motion must generally depend on matters of fact, over which this Court has no jurisdiction in actions at law.' "

From what we have said, it follows that this Court has no jurisdiction to review the order appealed from. This conclusion makes unnecessary the consideration of the second ground of the motion to dismiss the appeal.

Appeal dismissed.