### 8724

### MILLER v. ATLANTIC COAST LINE R. R. CO.

1. MOTIONS FOR NEW TRIALS on after-discovered evidence should be prosecuted with due diligence. Under the circumstances here it was not error to decline to continue such motion for the term in the absence of good and satisfactory reason therefor, nor to permit movant to withdraw the motion.

2. NEW TRIALS.—The record here does not sustain the objection that the trial Court did not consider all the evidence submitted on the motion.

3. IBID.—CONTINUANCE.—Refusal to continue such motion until morning that movant might reply to affidavits offered by respondent is not borne out by the record, nor was it made to appear that movant could have strengthened its case by morning.

Before GAGE, J., Sumter, July, 1913. Affirmed.

Motion in case of James A. Miller against Atlantic Coast Line Railroad Company *et al.* The railroad company appeals.

*Messrs. P. A. Willcox, Purdy & Bland, Mark Reynolds* and *Lucian W. McLemore,* for appellant.

*Messrs. L. D. Jennings, E. J. Best, John H. Clifton* and *R. D. Epps,* contra.

January 13, 1914.   The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.   This is the second appeal in this case from orders of the Circuit Court refusing motions for new trials upon after discovered evidence.   The history of the case is stated in the opinion of this Court on the first appeal from such an order, 95 S. C. 471, 79 S. E. 645. While that appeal was pending, the appellant served notice of a second motion for a new trial on after discovered evidence.   The motion was noticed for July 13, 1913.   The business of the Court and other circumstances prevented the hearing of the motion until a week later, which was the day before the adjournment for the term.   When the motion was called, appellant's attorneys moved for a continuance to the next term, which plaintiff's attorneys resisted, contending that the motion was without merit and that it had been interposed merely for delay.   It does not appear that the Court made any ruling upon the motion for continuance beyond the term.   At any rate, appellant's attorneys asked that the hearing be delayed until the next morning.   The Court refused the request on the ground that other important motions set for hearing the next day had precedence and would probably consume the balance of the time.   The attorneys for appellant then asked to be allowed to withdraw their motion.   To this plaintiff's attorneys objected, saying that the motion would be withdrawn only to be renewed at the next term, and thereby cause further delay, and insisted that the Court finally dispose of the motion on the merits.   Contending that they had the legal right to withdraw heir motion, appellant's attorneys declined to present it.   Thereupon, plaintiff's attorneys, with the sanction of the Court and against the protest of appellant's attorneys, read the notice of motion and the affidavits upon which it was based and the plaintiff's affidavits in reply thereto, and after hearing these, the Court passed

an order dismissing the motion on the ground that it was without merit.

The exceptions present three assignments of error: First, in not allowing appellant to withdraw its motion. Appellant has failed to show that it was prejudiced by this action of the Court. It is well settled that motions for new trials on after discovered evidence are dilatory in their nature, and any lack of diligence either in discovering or presenting the new evidence will be fatal to such motions. No reason was assigned why the hearing of the motion should have been delayed until the next term of the Court; and the failure to present the evidence and urge the motion at the first opportunity would, in the absence of good and satisfactory reasons for the delay, have been fatal to the motion. Therefore, the action of the Court in considering the merits was, under the circumstances, favorable rather than prejudicial to appellant.

The next assignment of error is in passing an order on the merits after hearing only a part of the evidence for and against the motion. The record fails to sustain this objection. The Circuit Judge stated in his order that the affidavits of the persons who were supposed to furnish the alleged new evidence were read—one given by each of them to appellant and one subsequently given by each of them to plaintiff in which they completely destroyed the force and effect of the affidavits given to appellant and the Judge held that these affiants had "totally discredited themselves by themselves," and, hence, that the motion was without merit. The other affidavits could not have influenced the decision of the Court, because they were predicated upon the truth of the statements of the affiants above mentioned, and, therefore, the appellant could not have been prejudiced by the failure to read them.

The next and last assignment of error is in refusing to carry the hearing over until the next morning in order that

appellant might have opportunity to reply to the affidavits presented by plaintiff. The record fails to show that the Court was requested to delay the hearing for that reason. Moreover, appellant has failed to show that. it was prejudiced. It has not been made to appear that it could or would have been able to strengthen its case by the delay until the next morning.

Appeal dismissed.