13387

RIKARD v. GREAT ATLANTIC AND PACIFIC TEA CO.

(164 S. E., 11)

*Messrs. M. P. Hall* and *E. L. Asbill,* for appellant,

*Messrs. Timmerman & Graham,* for respondent,

April 15, 1932.

The opinion of the Court was delivered by Circuit Judge G. B. GREENE, ACTING ASSOCIATE JUSTICE.

The complaint in this action alleges, in substance, that the defendant owns and operates a chain of grocery stores, one of which is located in the Town of Batesburg, Lexington County, S. C.; that on the 18th day of January, 1930, plaintiff was employed as cashier in defendant's Batesburg store and was in the discharge of her duties as such; that on said date one J. M. Sprouse, an assistant superintendent of defendant's chain of stores, entered the store at Batesburg, and, while in said store and while in the discharge of his duties as agent of defendant, negligently and recklessly jerked open the drawer of a cash register, causing the same to strike plaintiff's body with great force and violence, thereby doing her serious bodily injury and damage.

Defendant's answer denies all of the material allegations of the complaint and sets up the affirmative defense of contributory negligence. The alleged acts of contributory negligence on the part of plaintiff need not be stated here, as they are not pertinent to the questions raised by this appeal.

The case was tried at the November, 1930, term of Court for Lexington County, before his Honor, H. F. Rice, presiding Judge, and a jury, and resulted in a verdict for plaintiff in the sum of $1,988.00. Defendant gave notice of appeal to this Court, but before the appeal was perfected it gave notice of a motion for a new trial upon after-discovered evidence. This motion was heard by his Honor, Judge M. M. Mann, on the 17th day of April, 1931. Judge Mann granted the motion for a new trial by the following order:

"This cause is before me on a motion for a new trial on after-discovered evidence, which was duly and regularly noted. The motion is based on affidavits submitted on behalf of the movement, to which reply affidavits were filed by the plaintiff in the case. After very careful consideration of the record in the cause and the affidavits submitted on behalf of the respective parties, and after hearing full argument from counsel, I am of the opinion that the motion should be granted.

"The case of *Mills v. Railroad Company,* 87 S. C., 157, 69 S. E., 97, 99, quotes the following language from *Sams v. Hoover,* 33 S. C., 403, 12 S. E., 8, to wit: 'To justify the granting of a motion for a new trial upon the ground of after-discovered evidence, the moving party must establish to the satisfaction of the Court before which the motion is made at least three facts: (1) That the proposed new evidence was discovered after the former trial. (2) That it could not by the use of due diligence have been discovered in time to be offered at the former trial. (3) That it is material.'

"In my opinion the showing made by movent satisfies all the requirements of the law, as announced in the *Sams* and *Hoover case, supra,* and many other and later cases decided by the Supreme Court.

"It is therefore ordered and adjudged that a new trial be and hereby is ordered in the above-styled cause.

"April 17, 1931."

From the foregoing order of Judge Mann, plaintiff appeals to this Court upon numerous exceptions.

Exceptions 1 and 2 impute error to the Circuit Judge in granting a new trial upon after-discovered parol evidence. In the old case of *Faber v. Baldrick,* 3 Brev. (5 S. C. L.), 350, and in a number of other old cases cited by appellant, it was held that in civil cases a new trial on after-discovered evidence would not be granted unless such evidence was documentary. But the rule announced in those old cases does not now obtain in the Courts of this State. On the 20th day

of August, 1868, the General Assembly of South Carolina passed "An Act to Organize the Circuit Courts," and on the 26th day of September, thereafter, it passed "An Act to Regulate the Practice of the Circuit Court in Certain Cases." Section 1 of the latter Act reads as follows: "Section 1. Be it enacted by the Senate and House of Representatives of the State of South Carolina, now met and sitting in General Assembly, and by the authority of the same, All the Courts of the State organized under the Act entitled 'An Act to Organize the Circuit Courts' shall have power to grant new trials in cases where there has been a trial by a jury for reasons for which new trials have usually been granted in the Courts of law of the United States." 14 St. at Large, p. 136.

In 1869, in the case of *Elmore v. Scurry,* 1 S. C., 139, the Supreme Court in interpreting the foregoing statute had this to say: "The power to grant new trials is vested in the Circuit Court, and is neither limited, in terms, to the Judge who tried the case, nor to causes that have originated or been tried in the Court as now constituted. It is an important power of a remedial nature, and ought not to be encumbered with limitations and conditions not, in terms, or by necessary implication, imposed by the legislative authority. The statute must be interpreted as restoring to the Circuit Court what originally belonged to it at common law as a Court of general original jurisdiction, and, therefore, ought to be liberally construed, so as to secure a full administration of justice."

Again in the case of *State v. David,* 14 S. C., 428, we find the following: "While this is true as to the Supreme Court of this State, yet the Circuit Courts are invested with full powers on this subject. It belongs to these Courts as an incident to their original jurisdiction, and, besides, by act of general assembly (14 Stat. 136), it is expressly declared 'that Circuit Courts shall have power to grant new trials in all cases where there has been a trial by jury, for reasons for

which new trials have usually been granted in Courts of law of the United States."

It is not necessary to review the later cases defining the powers of the Circuit Courts as derived from the foregoing act of 1868; but it may be stated generally that in all cases where there has been a trial by jury the power of said Courts to entertain motions for a new trial upon after-discovered evidence without regard to whether the said evidence is parol or documentary is now beyond question. It follows, therefore, that exceptions 1 and 2 must be overruled.

Exceptions 3 and 4 impute error to the Circuit Judge in granting a new trial upon after-discovered evidence that was merely cumulative. At the trial plaintiff testified that Sprouse, defendant's agent, jerked open the drawer of the cash register with such force and violence as to strike and seriously injure her. From the testimony it appears that at the time of the alleged injury there were several persons in the store, including G. W. Rikard, her husband and manager of the store, and G. W. Rikard, Jr., Hoyt Black, and James Miller, clerks, and some customers. Plaintiff's husband was in the rear of the store engaged with a customer, and did not witness the transaction of which plaintiff complains. Her son, G. W. Rikard, Jr., and Hoyt Black, two of the clerks, testified that they were standing near the cash register and saw Sprouse, defendant's agent, jerk open the drawer and cause it to strike plaintiff's body. They also testified that plaintiff began immediately to complain of her injury and continued so to complain until the store was closed that night. The said G. W. Rikard, Jr., testified further that after the store closed it was necessary for him to go home and get the car with which to take his mother home, as she was not able to walk home as she was accustomed to do.

J. M. Sprouse, agent of defendant and a witness in its behalf, testified that on said date he went to the Batesburg store in the course of his duties as superintendent, and that while in said store it was necessary for him to open the drawer to the cash register and check the contents of same;

but he denied that he at any time during his visit opened the drawer of the cash register in such manner as to strike plaintiff and injure her as she claimed. He testified further that he did nothing to injure plaintiff, and that she sustained no injuries whatsoever while he was in the store. The defendant produced no other witness that could be said to be an eyewitness to the transaction of which plaintiff complains. James Miller, the other clerk in the store, did not appear as a witness in the case, and it is upon his two affidavits, and the affidavit of Mrs. L. L. Sollee, all made after the trial of the case, that defendant bases its motion for a new thial. Miller states in his affidavits that he had gone to the cash register, at the time of the alleged injury, for the purpose of making change for a customer; that he saw Sprouse open the cash drawer in the usual manner and that it did not strike the body of plaintiff; that at no time before the store closed that night did plaintiff complain of being hurt or appear to be injured in any way; that just before the store closed plaintiff and her husband were busily engaged in preparing packages which they were going to carry the next day to their daughter at Winthrop College; and that when the store did close for the night plaintiff and her husband went home in their car, which had been parked on the street near the store before Sprouse, defendant's agent, arrived. In her affidavit Mrs. Sollee states that she was standing near the cash register when it was opened by Sprouse in the usual way, and that it did not strike or hurt plaintiff in any way; that she remained in the store some time after Sprouse opened the cash register and heard no complaint whatsoever on the part of plaintiff that she had been hurt. At the hearing before Judge Mann, plaintiff offered numerous affidavits which tended to contradict the statements contained in the affidavits of James Miller and Mrs. Sollee. Among the counter affidavits was one from Mrs. Sollee in which she repudiated some of the statements contained in the affidavit made by her in defendant's behalf. From a careful consideration of the statements contained in the affidavits of these

two people, James Miller and Mrs. Sollee, it appears that they state matters that cannot be said to be merely cumulative. Defendant did not produce at the trial a single eye-witness to the opening of the drawer to the cash register by defendant's agent, except the agent, Sprouse, himself, and the statements contained in those affidavits as to what these people actually saw could not be considered strictly cumulative evidence. Furthermore, their statements as to the condition of plaintiff after Sprouse left the store, the preparation of packages for her daughter, and the riding home of plaintiff and her husband after the store closed, in their car, which had been parked near the store for some time prior to the arrival of Sprouse, are matters that cannot be said to be cumulative. On the contrary, if believed, these statements constitute very material new evidence. It follows, therefore, that exceptions 3 and 4 must be overruled.

Exceptions 5 and 6 impute error to the Circuit Judge in granting a new trial when it appeared that defendant had not used due diligence to have the witnesses, upon whose testimony it now relies, produced at the trial of the case. James Miller and Mrs. Sollee both state that they did not tell any one what they knew about the case until long after the trial because they did not wish to appear as witnesses in the case. Sprouse, the superintendent, and both attorneys for defendant, stated in their affidavits that they had made diligent inquiry and search for persons who might have been in the store and eyewitnesses to the alleged transaction, and that they were unable to discover such witnesses until after the trial when they finally succeeded in getting in touch with Miller and Mrs. Sollee. Plaintiff offered affidavits of several persons, including her attorneys, to the effect that the testimony of these two witnesses could have been obtained by the exercise of reasonable diligence. All of the affidavits were before the Circuit Judge and considered by him. They made an issue of fact, which was decided by Judge Mann, and this Court will not disturb his finding unless it clearly

appears that in making such a finding his discretion was abused or some rule of law violated.

"The rule is well settled that a motion for a new trial on after-discovered evidence is addressed to the discretion of the Circuit Court, and the refusal of such motion will not be reviewed, unless it appears that there was abuse of discretion, or that the exercise of discretion was controlled by some error of law. *State v. David,* 14 S. C., 432; *State v. Workman,* 15 S. C., 547; *Sams v. Hoover,* 33 S. C., 404, 12 S. E., 8; *Seegers v. McCreery,* 41 S. C., 549, 19 S. E., 696; *Peeples v. Werner & Co.,* 51 S. C., 405, 29 S. E., 2.

"Such a motion must generally depend upon matters of fact, over which this Court has no jurisdiction in actions at law. Neither the order of Judge DeVore nor the exceptions thereto, which have been brought to our attention on this motion, show any abuse of discretion or error of law controlling the exercise of discretion." *Mills v. Railroad Co.,* 87 S. C., 152, 69 S. E., 97, 99.

A careful review of the record in the case at bar fails to disclose any abuse of discretion on the part of the Circuit Judge or any error of law controlling the exercise of his discretion. Exceptions 5 and 6 must, therefore, be overruled.

Exception 7 imputes error to the Circuit Judge in granting a new trial upon after-discovered evidence which would not probably change the result upon another trial of the case. This also was a question of fact to be decided by the Circuit Judge, and this exception is overruled for the same reasons assigned for overruling exceptions 5 and 6.

All other exceptions are either of a cumulative character or charge an abuse of discretion on the part of the Circuit Judge. The conclusions hereinabove announced sufficiently dispose of all these exceptions.

For the foregoing reasons the order appealed from is affirmed, and the case remanded to the Circuit Court for a new trial.

MR. CHIEF JUSTICE BLEASE concurs in result.

MR. JUSTICE BONHAM concurs.

MESSRS. JUSTICES STABLER and CARTER dissent.

MR. JUSTICE CARTER (dissenting):

In my opinion the supporting affidavits presented by defendant on the motion for a new trial in this case, based on after-discovered evidence, were not sufficient, when viewed in connection with the former holding of this Court, upon which to grant the motion. I, therefore, am unable to agree to the conclusion reached in the leading opinion, and must respectfully dissent.

MR. JUSTICE STABLER concurs.