The opinion of the Court was delivered by
Gantt, J.
The last ground taken by the counsel for the plaintiffs, has not been insisted on in the argument, as being maintainable.[1] It has often been decided, that the discovery of new evidence after trial was not a good ground for a new trial. This ground, therefore, needs no further notice than a reference to State v. Harding, 2 Bay’s Rep. 268, to show that it cannot avail.
From an attentive examination of the evidence, it appears not to warrant the conclusion drawn from it by the plaintiffs, and which forms the second ground taken in the brief for a new trial: that the defendant purchased the negro, Rose, as the agent of the plaintiffs’ testator. Belief prevailed on the day of sale, that such was the fact, but it was unauthorized from any declaration on the part of the defendant. Besides, it conflicts with what actually took plate, a levy duly made, a sale at public outcry, when the testator and defendant were both present, and when the defendant became the purchaser of the woman sold. It conflicts with the positive declarations of the testator, after the sale, that the right of property in Rose was in the defendant, from whom he had hired her at §5 per month.
The circumstances proved, of the testator being in the capacity of an overseer with defendant, of his ^working five hands on his plan- r^sg/. tation, and the defendant having received the proceeds of one or L more of the cotton crops, are too vague and inconclusive to prove that *714 defendant acted as his agent in the purchase of this woman. Besides, it was proved by Brister, the sheriff, that the defendant had been in the habit of advancing moneys on account of the testator; and the testimony of Covington went to establish the fact, that after the sale, and when the testator acknowledged that he had the woman on hire from the defendant, he admitted at the same time, that he was indebted to the defendant, by stating, that whenever he paid up Rogers, Rose was to become his again. The verdict of the jury upon the evidence, is conclusive of the fact, that the defendant did not purchase as agent.
The ground most strongly relied on by the counsel for the plaintiffs, is the first taken in the brief, that of misdirection of the judge, in stating to the jury that a sheriff’s sale of a negro under a ft. fa.[1] need not be evidenced by a return on the execution, or a bill of sale, but might be proven by parol testimony. As respects personal property the law is very clear, that it passes by delivery ; and unless some particular reason could be shown why a discrimination should be made in the case of a sheriff’s sale, it would seem to follow, that a sale legally made by a sheriff, accompanied by delivery of possession, would fall within the same reason which governs in other cases, and would be as effectual to transfer a chattel interest, as a sale made, by any other individual. By the levy made, the sheriff had acquired a special property in the woman, and was as much entitled to sell as the owner himself, before any had been created. If the purchaser was satisfied with a title thus acquired, and was willing to depend upon the notoriety of the transaction, and the regularity of the sale for his security, it was certainly competent for him to do so. A bill of sale from the sheriff might perhaps have better perpetuated the *5611 evidence of a right which he had acquired by his purchase, but it -I is the sale itself, and payment of the money by the purchaser, which passes the right of property in the chattel sold. As respects a bill of sale for personal property sold by a sheriff; whatever doubt might have been entertained formerly, when sheriffs were in the habit of insisting upon purchasers accepting such evidences of their title, and demanding payment for such bills of sale, no doubt can possibly remain at present, since the passage of an Act in 1808,[2] 2 Brev. Dig. 221, wherein it is enacted, “ that any person or persons who may hereafter become purchasers of personal property at any sheriff’s sale within this State, shall not be compelled to take a bill or bills of sale, for the property so purchased by him or them, nor to pay for any bill of sale without the purchaser should think proper to demand the bill of sale for the property so purchased by him or them, any law to the contrary notwithstanding ; and in case the purchaser should demand a bill of sale, then the sheriff shall charge therefor not more than two dollars.” In this case the purchaser made no such demand of the sheriff; and this clause in the Act would seem in itself a.full answer to the first ground taken in the brief, so far as respects the title of the purchaser, whatever negligence might have been practiced afterwards by the sheriff as to a return upon the execution, if that indeed were legally necessary to effectuate the purchaser’s title. But a return to a fi. fa. is not necessary to effectuate the purchaser’s title ; it is the sale alone which gives the title. In 4 Com. *715 Dig. 123, tit. Execution, it is said, that a sale by the sheriff continues good, though the judgment be afterwards reversed, for the money only shall be restored.
jEvans, for the motion. Witherspoon, contra.
By the English authorities it would seem that a sheriff need not return a ft. fa. (4 Com. Dig. 123,) but by several Acts of Assembly of this State, it is made the duty of the sheriff to make returns on executions. By an Act passed in 1)91, it is required that sheriffs shall be bound to make return of the executions lodged in his office, on oath, within ten days after the return *day, with a full and particular account of r*cRo the levies or sales by him made, and of the money in his hands. L 2 Brev. Dig. 216.[1] By an Act passed in 1)99,“ [2] Brev. Dig. 223, a penalty is imposed on sheriffs who shall refuse or neglect to make returns to executions ; but there is nothing to those Acts which has the slightest tendency to impair a title acquired at sheriff’s sale, on his default to make the required return. For his neglect, he is made to forfeit a sum not less than forty nor more than two hundred dollars, to any person who shall sue for the same, and is not to be exonerated from such other pains and penalties as by law they are subject to. In Johns. Cas. vol. 1, 155, the chief justice, in delivering the opinion of the Court in the case of Jackson ex dem. Kane & Kane v. Sternbergh, and where the subject matter was real estate, as respects the return of the sheriff to the execution under which the estate had been sold, observed, “ but the sheriff’s return in my opinion was not essential to the title of the purchaser; that title was not created by, nor dependant on, the return, but was derived from the previous sale made by the sheriff, by virtue of his writ.” In the the ease of Simonds v. Catlin, 2 Caines’ Rep. 63, Justice Kent observes, “ It is not requisite to the validity of the proceedings on execution, that the writ should ever be returned.”
But why should the plaintiffs in this action endeavor to make this neglect of the sheriff a ground of their recovery ? Have they any doubt of the fact, that this negro woman was levied on by the sheriff of the district, and sold under the ft. fa ? Is it doubted, that the defendant became the purchaser at the sale, and that he paid the sum of $301, at which she was knocked off to him, and that this money went to discharge of a debt due from the plaintiff’s testator ? It would have been in my opinion competent for the Court, on the trial of this case, to have ordered the sheriff to make such a return then on the execution as corresponded with the facts which had taken place, but his testimony, as given in, superceded, in the opinion of the *Court, the necessity of his doing so, and the r^Kga purchaser may now demand a bill of sale, should he think itneces- L sary. I can see no reason in this case for disturbing the verdict which has been given by the jury, and I am of opinion the motion should fail.
Colcook, Richakdson and HugeR, JJ., concurred.

 Ante, 452.

 Ante, 299.

 5 Stat. 571, § 6.

 7 Stat. 264, 110.

 7 Stat. 296, § 21. 405. See Acts of 1827, 1839 and 1845, cited in note, IN. & M’C.