STATE v. DON CARLOS.

1. MOTIONS FOR NEW TRIAL ON THE GROUND OF AFTER DISCOVERED EVIDENCE should be entertained with great caution.

2. IBID.—LAW CASES—APPEAL.—Such a motion, made in a law case, was, in

the discretion of the Circuit Judge, refused, because he was not satisfied that the alleged evidence could not have been discovered before the trial by the exercise of due diligence, or that it was material. *Held,* that this ruling, being based upon findings of fact, could not be reviewed on appeal.

Before HUDSON, J., Charleston, June, 1892.

The opinion fully states the case.

*Mr. Simeon Hyde,* for appellant.

*Mr. Jervey,* solicitor, contra.

January 5, 1893. The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER. In this case the defendant having been convicted of murder moved the Circuit Judge for a new trial, upon the ground of alleged after discovered evidence. The motion was based on affidavits set out in the "Case" made by defendant's counsel, by defendant's brother, and by the person whose testimony it is alleged was discovered since the trial, but there is no affidavit from the defendant himself. The motion was refused, and the sole question presented by this appeal is whether the Circuit Judge erred in refusing the motion.

In the early judicial history of this State such motions as this seem to have been very rarely, if ever, granted; for the reason given in *State* v. *Harding,* 2 Bay, 268: "That it might have a very mischievous tendency to establish a precedent of this kind, after a trial and conviction, and after all the evidence on the part of the State had been fully disclosed; as it was easy to foresee that a man whose life was in danger would, in every case, even to gain time, make use of a pretext of this kind to create delay; but more especially by the assistance of confederates, he might be enabled to procure unprincipled men to be witnesses, to contradict the evidence on the part of the State, and thereby defeat the ends of justice." See, also, *Faber* v. *Baldrick,* 1 Tr. Con. R., 374; *Ecfert* v. *Des-Condres,* 1 Mill Con. R., 69; *Evans* v. *Rogers,* 2 Nott & McC., 563, and other authorities cited by the solicitor. Now, however, when such motions seem to be received with more favor, it is still the well settled rule that motions of this kind should

be entertained with the utmost caution, "because, as is said by a learned judge, there are but few cases tried in which something new may not be hunted up, and also because it tends to perjury." Per Simpson, C. J., in *State* v. *David,* 14 S. C., 432, citing with approval *State* v. *Harding, supra.*

It is also well settled that a motion for a new trial upon the ground of after discovered evidence is addressed to the discretion of the Circuit Judge, and unless his discretion was abused or some rule of law was violated, this court has no authority to interfere in a case like this. *State* v. *Workman,* 15 S. C., 547; *State* v. *Nance,* 25 S. C., 174. As was said by Mr. Justice McGowan, in the case last cited: "In the class of cases to which this belongs (law cases), this is only a court for the correction of errors of law, and has no power to hear an original motion for a new trial upon the ground of subsequently discovered evidence, or to review the order of a Circuit Judge refusing such a motion, except in the single case where the Circuit Judge refuses to grant such a motion upon the ground that he has not the power to do so. The power to grant or refuse a motion for a new trial belongs exclusively to the Circuit Judge, and from his decision on the subject there is no appeal to this court." To the same effect see *State* v. *Sweat,* 16 S. C., 624, and *Hyrne* v. *Erwin,* 23 S. C., 231.

The Circuit Judge seems to have refused this motion upon two grounds: 1st. Because it was not shown to his satisfaction that the newly discovered evidence could not, by the use of due diligence, have been discovered in time to be used on the trial. 2d. Because he did not think that the new evidence, if offered at the trial, could or should have influenced the result, or made it different from what it was. If the Circuit Judge was right in either of these conclusions, he was entirely justified in refusing a new trial, as shown by the case of *Sams* v. *Hoover,* 33 S. C., 403–4. Both of these grounds rest upon conclusions of fact, and, therefore, under the authorities above cited, are not reviewable here. As was said in *Durant* v. *Philpot,* 16 S. C., 124, "the question of diligence is one of fact," and whether the new evidence was material, was so likewise; and certainly the Circuit Judge, who had just heard the whole case, was much more

competent to determine the question of materiality than this court could possibly be.

The judgment of this court is, that the judgment of the Circuit Court be affirmed, and that the case be remanded to that court, for the purpose of having a new day assigned for the execution of the sentence heretofore imposed.