7914

STATE v. JONES.

1. NEW TRIALS—EVIDENCE—AFFIDAVITS.—In motions for new trials on after discovered evidence, the opposing party may introduced counter affidavits.

2. IBID.—IBID.—In such motions the rules of evidence are usually relaxed and evidence otherwise not competent admitted, as affidavits: (a) counter to those of movant that deceased took strychnine for certain purposes; (b) that recognizances had beeen served on witnesses for the trial from whom affidavits are introduced here; (c) that an affiant who testifies to a remark by a juror when jury was empanelled was miles away at the time.

3. IBID.—IBID.—In such motions it is not error to rule out affidavits as to deceased taking ergot and copperas, where the charge was that death was caused by strychnine.

4. IBID.—IBID.—Where a defendant has present at the trial witnesses which he does not put up at his option, he cannot afterwards be heard to say they knew facts about his defense which he did and could not have discovered by due diligence.

5. IBID.—JURORS—RES JUDICATA.—In such motion affidavits as to bias of jurors used on motion for new trial on the minutes of the Court should not be considered, that issue having been passed on.

6. IBID.—APPEAL.—Motions for new trials on after discovered evidence are addressed to the discretion of the Court and its acts therein will not be reviewed unless there is shown to have been an abuse of discretion.

Before W. B. GRUBER, Special Judge, Union, June, 1910. Affirmed.

Motion for new trial on after discovered evidence in State against W. T. Jones. Defendant appeals from refusal.

*Messrs. Johnstone & Cromer, Townsend & Townsend, James Munro, Jno. K. Hamblin* and *Stanyarne Wilson,* for appellant. *Messrs. John K. Hamblin and James Munro* cite: *Error to refuse evidence in reply:* 57 S. C. 46; 68 S. C. 304; 79 S. C. 229. *Opinion evidence improperly admitted here:* 55 S. C. 341; 63 S. C. 559; 65 S. C. 558; 72 S. C. 346; 75 S. C. 409. *Charge of partiality of jurors:* 80 S. C. 348; 74 S. C. 465; 54 S. C. 152; 55 S. C. 95.

*Solicitor J. C. Otts* and *Messrs. J. A. Sawyer, P. D. Barron* and *F. B. Grier,* contra. *Solicitor Otts* and *Messrs. Sawyer* and *Barron* cite: *Admission of counter affidavits:* 14 Ency. P. & P. 912; 48 S. E. 352; 58 Ind. 293; 36 So. 492; 74 Pac. 418; 21 S. W. 92; 35 S. W. 92; 67 Am. Dec. 670; 33 S. W. 364; 7 Tex. App. 759; 67 Am. Dec. 630; 2 Bay. 267. *All matters presented by both sides were properly considered by Judge:* 38 S. C. 225; 25 S. C. 168; 22 S. E. 339; 14 S. C. 428; 15 S. C. 540; 54 S. E. 60. *Evidence relied on was not newly discovered:* 41 S. C. 522; 40 S. C. 294; 68 S. E. 610; 66 S. E. 1074; 39 S. C. 426; 67 S. E. 267; 69 S. C. 295; 43 S. E. 718; 39 Ga. 660; 17 S. E. 103; 64 Hun. 638; 12 Cyc. 735. *Failure to examine juror before accepting him shows failure to use due caution:* 75 S. C. 180; 2 Rich. 122; 2 Bay. 131, 267, 315; 3 Rich. 598; 2 N. & McC. 261; 69 S. C. 298; 32 S. C. 408. *A new trial will not be granted on after discovered evidence from witnesses present at trial but not examined:* 43 S. E. 718; 17 S. E. 103; 12 Cyc. 735.

May 17, 1911. The opinion of the Court was delivered by

Judge Robert Aldrich, *Acting Associate Justice in place of* Mr. Justice Hydrick, *disqualified.* W. T. Jones,

the defendant-appellant herein, was tried at the February term of the Court of General Sessions for Union county in 1909, upon an indictment charging him with the murder of his wife, Marion E. Jones, by administering or causing to be administered to her strychnine poison. Upon his trial he was convicted of murder, with recommendation to mercy, and sentenced to imprisonment for life in the penitentiary.

A motion for a new trial upon the minutes of the Court was made before the trial Judge, Hon. R. W. Memminger, and was by him refused.

An appeal from the judgment and sentence of the Circuit Court was taken to the Supreme Court, which affirmed the judgment of the Circuit Court, 86 S. C. 17. A petition for a rehearing was filed in the Supreme Court, and refused. Thereupon the execution of the judgment of the Circuit Court was stayed by an order of Hon. R. C. Watts, Circuit Judge, pending a motion for a new trial upon after discovered evidence. This motion was heard at the summer term of the Court of Sessions for Union county, upon the petition set out in the brief, by the Hon. W. B. Gruber, Special Judge, and after a very full hearing the motion was refused.

The defendant appeals from the decision of his Honor, Judge Gruber, upon sixty-three exceptions to the decision of the Circuit Judge. The first exception is: "That his Honor erred in admitting affidavits submitted by respondent, claiming that the petitioner was entitled to have his motion heard and determined upon the evidence adduced at the trial, and upon the affidavits submitted by him." The appellant furnishes no authority for this position, and it is at variance with the universal practice and the spirit pervading all legal contests to give each side an equal showing. The respondent on the contrary cites in support of the opposite view, the rule as laid down in vol. XIV, Pleading and Practice, p. 912, as follows: "On the hearing of a motion for a new trial the adverse party may introduce counter affidavits to disprove the grounds for a

new trial," and numerous decisions of the highest Courts of other States. The question seems never to have been made heretofore in this State.

Exceptions 2, 5, 11, 13, 16, 17, 20, 23, 24, 25, 26, 29, 31, 33, 34, allege error in the ruling of the Circuit Judge in receiving affidavits of a "negative nature and incompetent because in reply to nothing contained in appellant's affidavits submitted on the motion."

Upon the motion for a new trial the defendant submitted a great number of affidavits going to prove that the deceased, Marion E. Jones, was addicted to the taking of strychnine and other drugs with the object of allaying nervousness, to produce abortion or to prevent conception, and of taking of her life. The affidavits objected to in these exceptions are from near neighbors, close friends, and intimate associates of the deceased, and all go to the point that they never heard of such things and knew of nothing justifying such a belief. It is recognized practice in cases of this sort to relax the rules of evidence as applied to trials in Court, leaving it to the discretion of the Judge hearing motion to be governed and influenced in reaching his conclusions only by such evidence as legitimately should have that effect. We have the word of the Circuit Judge that such was the case in this instance, and we have every reason to believe it was so.

Exceptions 3, 7, 9, 21, 32, 37, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 50, assign error in the rulings of the Circuit Judge in admitting affidavits which the appellant characterizes as "irrelevant and irresponsive to anything in (a) appellant's affidavits submitted upon this motion." The alleged irrelevant matter is similar to that passed upon in the preceding exceptions just disposed of, and in our view of the case legitimate matters to be brought to the attention of the Judge hearing the motion, we do not understand that upon a motion for a new trial upon after discovered evidence the Judge hearing the motion is restricted to a

consideration only of the grounds brought to his attention by the moving party, but he is to ascertain if injustice has been done, and if the ends of justice will be served by granting a new trial and to this end he may and should suffer, yea, invite all the light possible to be turned upon the case in all its bearing and exclude nothing which can legitimately have that effect, leaving it at last and always to the wise discretion of the Judge to humanely guard the rights of the accused on the one hand, and the interests of society on the other. We discover throughout that it was in this spirit that the Circuit Judge approached the consideration of the tedious and difficult questions brought before him, and adhered to it to the end. .What has been said in reference to the exceptions heretofore considered, applies equally well to Exceptions 4, 6, 8, 10, 12, 14, 15. 18. 19, 22, 27, 28, 30, 36.

Exceptions 35, 36, 38, charge error in the admission of affidavits which were intended to refute appellant's ground for new trial, namely, that his wife was addicted to taking strychnine to allay nervousness and for other purposes named. For this purpose they were clearly germain to the question in dispute.

Exceptions 50, 51, 52, 53, charge error on the part of the Circuit Judge in admitting the recognizances of certain witnesses on the part of the defense, which were designed to show that their testimony was in the hands of the (b) defendant at the trial and consequently was not after discovered, or that due diligence was not displayed in discovering it. The objection was made upon the ground that the recognizances were irrelevant and not in response to anything in appellant's showing. We think they were relevant and tended to answer the showing made by appellant, but we do not suppose they exercised any material influence upon the mind of the Circuit Judge; we can't say there was any abuse of his discretion in receiving the recognizances.

Exceptions 54, 56, 57, 59, 60, 61, refer to the action of the Court below in its ruling and actions upon the allegations touching the bias, and prejudice of certain jurors as shown by their previously formed and expressed opinions. The reasons of the Circuit Judge amply justify and sustain his rulings on this point. We will have something further to say about it in the further consideration of the case.

Exception 49, charges error on the part of the Circuit Judge in admitting an affidavit which contradicts a material witness upon the part of the defendant, and one upon whom he strongly relied. The defendant objects to the (c) introduction of this affidavit upon the ground that it was irrelevant and not responsive to anything contained in appellant's affidavit. We think it was entirely competent. One Walker Stroud made an affidavit to the effect that he was in the courthouse at the time of the impanelling of the jury upon the trial of the defendant, and heard one of the jury express himself in a manner so hostile to the defendant as to show himself to be unfit to serve as a juror. The affidavit as to the admissions of which appellant complains in this exception, avers that said Walker Stroud was not in the courthouse at the time, but to the knowledge of the deponent was miles away. Nothing could have been more relevant or material.

Exception 55, is as follows: "That his Honor erred in excluding the following portion of the affidavit of Mrs. Agnes Thomas, to wit: 'And that if they had done so she would have known it,' the error being that the statement so excluded was as to a fact and not an inference. Upon the reading of the affidavit the following colloquy occurred:

"Court: That is the same as the other (to what this applies is not clear).

"Mr. Grier: Is not it incompetent for her to say 'and that if they had done so she would have known it?'

"The Court: I think that is a conclusion."

The argument passes this over without comment, evidently not regarding it material either way and we can't see that the defendant was in any way prejudiced by it.

Exception 58 bears upon what occurred prior to the trial on the first day of the term in reference to remarks of counsel protesting against delay and urging a speedy trial, in no wise affecting the grounds of this motion.

Exception 62 charges error in the Circuit Judge eliminating from the consideration all references to the use of ergot and copperas. If these drugs bore upon the case in any way, his Honor ruled that due diligence had not been displayed in discovering their bearing; and further that the charge was as to poisoning with strychnine, and he did not see the propriety of widening the scope of the investigation to bring into the consideration extraneous matters which could have little or no effect upon the inquiry. We cannot see that there was any material error in his treatment of this matter.

Exception 63 imputes error to the Circuit Judge in the following language: "That his Honor erred as matter of law in holding: that if a witness is bound over or is present at the trial, the defendant is presumed to have then been aware of everything such witness could have testified to, and that his failure to put such witness on the stand on the matters as to which he was summoned, shows a want of due diligence as to all matters then within the knowledge of said witness." We do not consider this a fair representation of the decision of the Circuit Judge upon the matter involved. What he did say is as follows: "Some of these witnesses whose affidavits are now presented and relied upon were bound over by the prisoner and were in attendance upon the Court at the time of his trial. He did not have them sworn and examined. Indeed he put up no testimony. If they had been sworn to tell the truth and examined would not this secret habit of the deceased, of which they now swear that they then had knowledge, have been

brought out and the prisoner received the benefit of it? Having them present as witnesses and neglecting to make use of them, must the judgment of the Court be set aside in order that he may be afforded another opportunity? To do so would be to encourage the withholding of testimony in order that applications of this character may be made when the judgment is unfavorable. This the Court ought carefully to refrain from doing." This we think a complete answer to this exception.

The elaborate and able arguments of the zealous counsel for the appellant deals principally with three features of the case upon which the motion for a new trial was based, and upon which the decision of the Circuit Judge is assailed:

I. That the charge against the defendant being that he caused the death of the deceased, who was his wife, by administering or causing to be administered to her strychnine poison and that he is now able and does produce a large array of witnesses who swear that to their knowledge the deceased was addicted to the habit of taking strychnine to allay nervousness caused by her taking ergot and copperas to prevent conception and to produce miscarriages and that she took in this way a sufficient quantity of strychnine to account for the appearance of that poison in her stomach after death.

II. The bias and prejudice of certain jurors who had formed and expressed opinions adverse to the prisoner before the trial.

Incidentally the decision of the Circuit Judge is attacked upon other grounds such as the admission of irrelevant testimony and the exclusion of relevant testimony, but principally upon the two grounds named.

The grounds upon which new trials are granted after conviction and upon after discovered evidence are that the said evidence must be such as would probably have changed the result if it had been before the jury. Secondly, that it was not known to the accused at the time of his trial, and

thirdly that by due diligence it could not have been ascertained. *Sams* v. *Hoover,* 33 S. C., p. 403, 12 S. E. 8.

As to the first position, is it likely or probable that the testimony contained in these affidavits on the part of the prisoner when refuted by that embraced in the affidavits on the part of the State would have produced a different result? It should be kept in view at all times that this, as well as other questions of a like nature, is primarily for the Circuit Judge, who held that the evidence would not or at least that it was not sufficiently strong to justify a reversal of the judgment upon this ground. It should also be borne in mind that this evidence if the witnesses had been interrogated would have become known to the counsel for the defendant who have conducted the case with unusual zeal and conspicuous ability from the beginning even unto the end. To permit one on trial to hold back evidence he may have in his possession or which he failed to use due diligence to obtain and then use it as the grounds of a motion for a new trial in the event of an adverse verdict, would be destructive of the efficient administration of justice and subversive of the rule that it is to the interest of society to have an end to litigation. For these reasons and in obedience to the rules of law we shall refer to, we cannot do otherwise than sustain the Circuit decision.

We come now to the attack upon the jury—that certain jurors had formed and expressed opinions adverse to the defendant before they were sworn upon the trial. Nothing is of more frequent occurrence than for men upon sudden impulse or upon *ex parte* representations of a case to give expression to their opinions in reference thereto, often in the most violent and feeling manner, and yet these same men when sworn as jurors and given the opportunity to make up their minds from the evidence, the arguments of counsel, and the charge of the Judge, and are forced to act upon the solemnity of their oaths, and the responsibility of their office, make the most

4—89

exemplary jurors and frequently decide in opposition to their preconceived opinions. Be this as it may, the law gives an ample opportunity to one on trial to test the impartiality of jurors by swearing them upon their *voir dire,* when they are invariably asked "if they have formed or expressed opinions as to the guilt or innocence of the accused;" and the accused has the opportunity of examining them upon any other matter. One upon trial is not only deemed to know everything which by the exercise of due diligence he might discover, but he is informed by our statute, sec. 2946, Code of Laws, that all objections to jurors, if not made before the jury is impanelled or charged with the trial, shall be deemed waived, and if made thereafter shall be of noneffect. It must be borne in mind that the evidence on this point is not after discovered with respect to this motion. The defendant not only knew of the objections to these jurors at the former motion for a new trial, but made it the ground of his former motion for a new trial before the Judge who tried the case, excepted to his decision on this as well as upon other grounds, and made it the subject of appeal to the Supreme Court. As well said by the Circuit Judge it is now *res judicata.*

This rule is too well settled to be disturbed at this late day, even if we felt inclined to do so, which we do not, that such motion, *i. e.,* for new trial on after discovered evidence, rests exclusively in the discretion of the Circuit Judge and no appeal lies from his decision except in the case stated below. We quote from the decision in the case of the *State* v. *Workman,* 15 S. C. 547: "This motion was addressed to the discretion of the Circuit Judge, and unless his discretion was abused, or some rule of law was violated we have no authority to interfere," and we can also adopt the expression of the view of the Court in that case as our own in this. "In this case so far from their having been any abuse of discretion, or any violation of the rules of law, we agree fully with the Circuit Judge that the showing

upon which the motion was based was altogether insufficient both in form and substance." The same rule is endorsed in *The State* v. *Nance,* 25 S. C. 174; *The State* v. *Sweat,* 16 S. C. 624.

In the case of *State* v. *Don Carlos,* 38 S. C. 226, 16 S. E. 832, we have this subject very fully and very ably discussed, and feel that we cannot do better than to restate what is there set forth, reaffirm and adopt it for the purpose of this decision. Mr. Chief Justice McIver says:

"In the early judicial history of this State such motions as this seem to have been very rarely, if ever, granted; for the reason given in *State* v. *Harding,* 2 Bay. 268: 'That it might have a very mischievous tendency to establish a precedent of this kind, after a trial and conviction and after all the evidence on the part of the State had been fully disclosed; as it was easy to forsee that a man whose life was in danger would, in every case, even to gain time, make use of a pretext of this kind to create delay; but more especially by the assistance of confederates, he might be enabled to procure unprincipled men to be witnesses, to contradict the evidence on the part of the State, and thereby defeat the ends of justice.' See, also, *Faber* v. *Baldrick,* 1 Tr. Con. R. 374; *Ecfort* v. *DesCondres,* 1 Mill Con. R. 69; *Evans* v. *Rogers,* 2 Nott & McC. 563, and other authorities cited by the solicitor. Now, however, when such motions seem to be received with more favor, it is still the well settled rule that motions of this kind should be entertained with the utmost caution, 'because, as is said by a learned Judge, there are but few cases tried in which something new may not be hunted up, and also because it tends to perjury.' " Per Simpson, C. J., in *State* v. *David,* 14 S. C. 432, citing with approval *State* v. *Harding, supra.*

"It is also well settled that a motion for a new trial upon the ground of after discovered evidence is addressed to the discretion of the Circuit Judge, and unless his discretion was abused or some rule of law was violated, this Court has no

authority to interfere in a case like this. *State* v. *Work-man,* 15 S. C. 547; *State* v. *Nance,* 25 S. C. 174. As was said by Mr. Justice McGowan, in the case last cited: 'In the class of cases to which this belongs (law cases), this is only a court for the correction of errors of law, and has no power to hear an original motion for a new trial upon the ground of subsequently discovered evidence, or to review the order of a Circuit Judge refusing such a motion, except in the single case where the Circuit Judge refuses to grant such a motion upon the ground that he has not the power to do so. The power to grant or refuse a motion for a new trial belongs exclusively to the Circuit Judge, and from his decision on the subject there is no appeal to this Court.' To the same effect, see *State* v. *Sweat,* 16 S. C. 624, and *Hyrne* v. *Erwin,* 23 S. C. 231.

"The Circuit Judge seems to have refused this motion upon two grounds: 1st, Because it was not shown to his satisfaction that the newly discovered evidence could not, by the use of due diligence, have been discovered in time to be used at the trial. 2d, Because he did not think that the new evidence, if offered at the trial, could or should have influenced the result, or made it different from what it was. If the Circuit Judge was right in either of these conclusions, he was entirely justified in refusing a new trial, as shown by the case of *Sams* v. *Hoover,* 33 S. C. 403-4, 12 S. E. 8. Both of these grounds rest upon conclusions of fact, and, therefore, under the authorities above cited, are not reviewable here. As was said in *Durant* v. *Philpot,* 16 S. C. 124, 'the question of diligence is one of fact,' and whether the new evidence was material, was so likewise; and certainly the Circuit Judge, who had just heard the whole case, was much more competent to determine the question of materiality than this Court could possibly be."

In the recent case of the *State* v. *Harvey Bradford,* it is said by Mr. Justice Woods:

"We are deeply impressed with the force of the affidavits made on those and other points on behalf of the defendant. Yet, it cannot be doubted, that some of the affidavits are cumulative, and that if the statements contained in all of them had been admitted in evidence at the trial, there would have remained a sharp issue of fact, which might have been decided for or against the defendant according to the view taken by the jury of the credibility of the witnesses. It cannot be said, therefore, that the affidavits must necessarily lead any reasonable mind to the inference that the newly discovered evidence would probably change the result. Nothing short of this would justify the conclusion that the Circuit Court abused its discretion in refusing the motion. This being so the law does not allow this Court to reverse the decision of the Circuit Court that a new trial should not be granted. In the recent case of *Mills* v. *Atlantic C. L. R. R. Co.,* 87 S. C. 152, it is said: 'The rule is well settled that a motion for a new trial on after discovered evidence is addressed to the discretion of the Circuit Court and the refusal of such motion will not be reviewed, unless it appears that there was abuse of discretion, or that the exercise of discretion was controlled by some error of law. *State* v. *David,* 14 S. C. 432; *State* v. *Workman,* 15 S. C. 547; *Sams* v. *Hoover,* 33 S. C. 404, 12 S. E. 8; *Seegers* v. *McCreary,* 41 S. C. 549, 19 S. E. 696; *Peeples* v. *Werner & Co.,* 51 S. C. 405, 29 S. E. 2. Such a motion must generally depend on matters of fact, over which this Court has no jurisdiction in actions at law.' "

The motion for a new trial was based also upon the alleged misconduct of the jurors in the trial of the case.

It is the judgment of this Court that the decision of the Circuit Judge be affirmed and the appeal dismissed.