6703

## GUNTER v. FALLOW.

1. TITLE—FINDINGS.—In an action for recovery of land, all issues having been referred by consent, the findings by the trial court are final unless they be without evidence to support them.

2. APPEAL—NEW TRIAL.—That findings in a law case are without evidence to support them should be made by motion for new trial, but where the case is argued on Circuit and decree filed out of term time, appeal may be taken direct from judgment.

3. TITLE.—Findings that plaintiff was entitled to the possession of an entire tract of land, being without evidence to support it, modified by holding she is entitled to the possession of two-thirds of the tract, which she can recover in this action, the defendant being in actual possession and having ousted plaintiff.

Before MEMINGER, J., Lexington, December, 1906. Modified.

Action by Lula Gunter against Martha Fallow and Burt Fallow. From judgment for plaintiff, defendants appeal.

*Messrs. W. H. Sharpe* and *E. L. Asbill,* for appellants. *Mr. Asbill* cites: *Plaintiff must show perfect title or trace to common source:* 71 S. C., 327.

*Messrs. A. D. Martin* and *G. T. Graham,* contra, cite: *Findings by trial court here will not be disturbed if there is evidence tending to support them:* 58 S. C., 1; 45 S. C., 107, 33, 494; 19 S. C., 604. *Position not taken in trial court cannot be raised here:* 3 Cyc., 243; 47 S. C., 61; 54 S. C., 223; 63 S. C., 123. *One who has taken possession of land under one claim of title cannot afterwards set up an inconsistent title:* 11 Rich., 417; 2 Cyc., 662, 663, 664; 30 S. C., 450; 21 S. C., 420. *One tenant holds for all. Minority of one protects all:* 26 S. C., 179; 27 S. C., 348; 36 S. C., 384. *No adverse possession by one tenant against another except in case of ouster:* 15 S. C., 365; 20 S. C., 418; 21 S. C., 463; 21 S. C., 511; 13 Rich., 60.

November 8, 1907. The opinion of the Court was delivered by

MR. JUSTICE JONES. The plaintiff brought this action to recover possession of a tract of land in Lexington County. A jury trial was waived and by consent all issues were submitted to Judge Memminger, who gave judgment in favor of plaintiff for the possession of the whole tract in dispute and ten dollars damages.

This being an action at law, and the issue of title having been submitted to the Court without a jury, questions of fact must be accepted as finally settled, since we have no jurisdiction to review issues of fact in a law case. *Peeples* v. *Warren,* 51 S. C., 560, 29 S. E., 659. Even in equity cases, when the legal issue of title paramount is raised, the conclusion of the Circuit Court on matters of fact involved is final. *Johnson* v. *Jones,* 72 S. C., 287, 51 S. E., 805.

A verdict and judgment, however, which is absolutely without any evidence to support it is erroneous as matter of law, and this Court, upon proper exceptions, may grant a new trial for such error. *State* v. *Shaw,* 64 S. C., 569, 43 S. E., 14, 60 L. R. A., 801; *Colvin* v. *Oil Co.,* 66 S. C., 77, 44 S. E., 380.

Usually this last question should be presented to the trial Court in the first instance and appeal taken from refusal to set aside or correct the verdict; but that method was impracticable in this case, as the testimony was taken by reference under a consent order and reported to the Court; the case was heard thereon in November, 1906, and the judgment was filed December 29, 1906, after the adjournment of the Court.

We will, therefore, under the principles above stated, look into the testimony only with a view to ascertain whether there was any testimony to support the conclusions on the facts.

There was certainly evidence tending to show that plaintiff and defendants claimed from a common source, and the ruling of the Court to that effect cannot be disturbed. The plaintiff claimed under a deed by Samuel B. George, as clerk of the Court, dated May 25, 1904, conveying the land in question to plaintiff as purchaser at sale under judgment in proceedings to partition the lands of Levi Rish, Sr., deceased; and defendants claimed under a deed by Levi Rish, Sr., to defendant Martha Fallaw and the heirs of her body, executed January 13, 1872.

The real question then was whether plaintiff had a better title than defendant from the common source. This question largely depended upon a question of fact, location of the respective deeds. The deed from Levi Rish, Sr., to Martha Fallaw conveyed lands described as "my Home Place, including half the mill thereon, containing five hundred acres, more or less, in said county, near North Edisto River, adjoining lands of Lury Ann Fallaw, Lorence Ralls, Loduska Lowman, estate of Wayne Able and Caswell Gantt, with full mill privileges, etc." The deed under which plaintiff claimed described the land as one other tract on Hood's Branch, "containing two hundred and ten (210) acres, more or less, bounded by Mrs. Levi Rish, William Merrit, Ulysses Gantt and Alfred Gunter."

The issue was whether the land claimed by plaintiff was covered by the deed of Levi Rish to defendant. Upon this issue the Circuit Court, after hearing the evidence of the surveyors and other witnesses, found in favor of plaintiff, and it cannot be said that there was no evidence to support the conclusion. There was evidence tending to show that Levi Rish, Sr., purchased the land claimed by plaintiff from Caswell Gantt "about 1871"; that it contained about two hundred and ten acres; that its northern boundary was the old Charleston road, and its southern boundary was the old Rish Home Place. The deed by Levi Rish to defendant, in January, 1872, did not call for the old Charleston road as a boundary, as would be natural if the Caswell Gantt tract

was intended to be included in the description of the Home Place; but, on the contrary, called for "Caswell Gantt" as a boundary. There was also evidence tending to show that if the old Home Place was so located as to include the Caswell Gantt tract it would include about 700 acres, whereas the deed described the Home Place as containing 500 acres, more or less.

But regarding the conclusion of the Court on the question of location as final, it does not follow that plaintiff was entitled to recover the whole of the land in dispute.

The evidence shows that Levi Rich, Sr., died intestate in 1875, leaving surviving as his only heirs-at-law his widow, the defendant Martha, who afterwards married the defendant Burt Fallaw, and his children, the plaintiffs Lodusky Lowman, Lizzie Able, Lorannah Rawls, Levi Rish, Jr., and Delia Hughes, Adella Fallaw and A. D. Fallaw, children of a predeceased daughter. These children and grandchildren were all made parties to the partition proceedings under which plaintiff claims as purchaser, but the defendant Martha Fallaw was not made a party. The defendant was in possession of the land at the time of the sale in partition and publicly forbade the sale, claiming title. It is manifest, therefore, that plaintiff was not entitled to recover as against the widow of Levi Rish more than two-thirds of the land, but this interest she could recover in this action at law, since the defendant was in exclusive possession, claiming the whole and ousting the plaintiff.

It is contended by respondent that defendant on the trial claimed under the deed of Levi Rish and did not claim as his heir-at-law, and that such point should not be now raised for the first time in the exceptions. Under the general denial in the answer it was incumbent on plaintiff to establish her title to the premises, and this she has failed to do, except to the extent of a two-thirds interest therein. It would be manifestly unjust to deprive the defendant in possession of her interest in the property as shown by the undisputed evidence.

The foregoing conclusions render it necessary to set aside the judgment and grant a new trial, unless the plaintiff shall remit therefrom to the extent of one-third interest in the premises. As the amount assessed as damages is little more than merely nominal, and as there was evidence of ouster and damages committed by defendants, we will not disturb the conclusion of the Circuit Court thereon, except as it may be involved in the judgment *nisi* to be rendered herein.

The judgment of this Court is, that the judgment of the Circuit Court be set aside and a new trial granted, unless the plaintiff shall, within thirty days after the filing of the remittitur herein, enter in writing upon the record a remittance of the judgment to the extent of one-third of the land embraced therein, so that the judgment shall be for the plaintiff for the recovery of an undivided two-thirds interest in the premises and for ten dollars damages.