## 9131

### PENDARVIS v. GENERAL ASBESTOS AND RUBBER CO.

#### (85 S. E. 773.)

TRIAL.  CHARGE.  APPEAL AND ERROR.  SUFFICIENCY OF EVIDENCE.

1. TRIAL—INSTRUCTIONS—CURE BY OTHER INSTRUCTIONS.—In a servant's action for personal injuries, where the Court fully and correctly charged as to contributory negligence, a charge thereafter that if the negligence of the master and the negligence of the servant both operated as proximate causes, each being "equally" guilty of negligence, the servant could not recover, was not prejudicial error.

2. APPEAL AND ERROR—RESERVATION OF GROUNDS OF REVIEW—SUFFICIENCY OF EVIDENCE—RULE OF COURT.—Under Circuit Court rule 77, providing that the point that there is no evidence to support an alleged cause of action shall be first made either by motion for nonsuit or motion to direct the verdict, in a servant's action for injuries resulting in verdict for him, where the defendant employer made no motion below for nonsuit or for direction of verdict, whether the verdict was contrary to the weight of the evidence could not be considered on appeal.

Before RICE, J., Charleston, April, 1914.    Affirmed.

Action by Joseph R. Pendarvis, by S. C. DePass, guardian *ad litem,* against the General Asbestos & Rubber Company. Judgment for plaintiff, and defendant appeals.

*Messrs. Mordecai, Gadsden & Rutledge,* and *Mitchell & Smith,* for appellant, cite: *As to charge on contributory negligence:* 56 S. C. 91; 61 S. C. 556; 93 S. C. 57.

*Messrs. Logan & Grace,* for respondent, cite: *As to charge:* 84 S. C. 208; 84 S. C. 72; 87 S. C. 327; 86 S. C. 115; 86 S. C. 152. *Sufficiency of evidence was for the Circuit Court to determine:* 95 S. C. 199; 94 S. C. 311. *No motion to direct verdict under C. C. Rule 77:* 77 S. C. 328; 93 S. C. 551.

July 13, 1915.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for damages, alleged to have been sustained by the plaintiff, through the wrongful acts of the defendant, while employed in its factory at Charleston, S. C. The defendant denied the allegations of negligence, and set up the defense of contributory negligence. The jury rendered a verdict in favor of the plaintiff for the sum of $5,700, and the defendant appealed upon two exceptions, the first of which is as follows:

"Because the presiding Judge erred in charging the jury as follows: 'And if the negligence of the master and the negligence of the servant both operated as the proximate cause, each being equally guilty of negligence, then the servant cannot recover,' the error assigned being that, having charged the jury fully upon the question of negligence and contributory negligence, the charge excepted to was incorrect as a summary of his charge, and was calculated to mislead the jury, in that it declared the law to the jury to

be that if the servant was equally guilty with the master, he could not recover, whereas, the law is that any contributory negligence of the servant constituting the proximate cause of the injury would defeat his recovery."

His Honor, the presiding Judge, charged the jury fully in regard to contributory negligence; and when the charge is considered in its entirety, it will be seen that the error assigned in the exception was not prejudicial to the rights of the appellant.

The second exception is as follows:

"Because the presiding Judge erred in refusing the motion for a new trial, made upon the following grounds: (a) Because the verdict was contrary to the manifest weight of the evidence; (b) because the only inference from the testimony in the case is that the plaintiff was guilty of contributory negligence, as alleged in the answer."

Rule 77 of the Circuit Court is as follows:

"The point that there is no evidence to support an alleged cause of action shall be first made either by a motion for nonsuit, or a motion to direct the verdict; and the point that there is no evidence to support a defense shall be first made by motion to direct a verdict."

No motion was made in this case for a nonsuit, or the direction of a verdict. Therefore the question raised by the exception is not properly before this Court for consideration. *Lyon* v. *Railway,* 77 S. C. 328, 58 S. E. 12. But waiving such objection, the exception is without merit, and cannot be sustained.

Judgment affirmed.

MESSRS. JUSTICES HYDRICK, WATTS and GAGE concur in the opinion of the Court.

MR. JUSTICE FRASER. I concur in the result. His Honor's statement was inaccurate, but he invited corrections that were not given.