11000

WILSON v. SOUTHERN RAILWAY COMPANY, CAROLINA
DIVISION, *ET AL.*

(115 S. E., 764)

1. APPEAL AND ERROR—APPEAL BY PLAINTIFF AFTER VERDICT IN HIS
   FAVOR HELD APPEAL FROM REFUSAL OF NEW TRIAL.—Where the record
   shows that the verdict was in favor of plaintiff, who was the appel-
   lant, and did not show whether judgment was entered upon the
   verdict, it must be assumed plaintiff's appeal is from the order
   refusing the motion for new trial, since no appeal would lie from
   the verdict.

2. APPEAL AND ERROR—EXCEPTIONS TO REFUSAL OF NEW TRIAL MUST
   BE CONFINED TO GROUNDS STATED IN CIRCUIT COURT.—Exceptions
   imputing error in the refusal of a new trial should be predicated
   upon and confined to the grounds of the motion for new trial as
   made in the Circuit Court.

3. APPEAL AND ERROR—RULING ON MOTION FOR NEW TRIAL BASED ON
   FACT QUESTIONS NOT REVIEWED UNLESS FINDING WAS WHOLLY UN-
   SUPPORTED.—The Supreme Court has no jurisdiction in a law case to
   review orders granting or refusing new trials involving the de-
   cision of questions of fact, unless it appears that the finding is
   wholly unsupported by evidence, or the conclusion reached was
   influenced or controlled by some error of law.

4. NEW TRIAL—MOTION FOR DIRECTED VERDICT IS PREREQUISITE TO MOTION
   FOR NEW TRIAL BECAUSE EVIDENCE DOES NOT SUPPORT VERDICT.—
   Plaintiff cannot on appeal contend that the refusal to grant a new
   trial amounted to error of law in that the verdict sought to be set
   aside was wholly unsupported by evidence, where he had made
   no motion to direct a verdict pursuant to Circuit Court Rule 77
   (73 S. E., vii).

5. APPEAL AND ERROR—PARTY GENERALLY CANNOT APPEAL FROM JUDG-
   MENT OR ORDER IN OWN FAVOR.—Under Code Civ. Proc. 1912, §
   376, giving the right of appeal to a party aggrieved, a party or-
   dinarily cannot appeal from a judgment, order, or decree in his
   own favor.

NOTE: On admissibility of declarations against title by former owner
as against those claiming under him, as affected by fact that declarant
is living and available as a witness, see note 26 L. R. A. (N. S.), 814.

As to admissibility of statements derogatory to title made after part-
ing with title without monetary consideration, see note 1 A. L. R., 1240.

6. APPEAL AND ERROR—PARTY AGGRIEVED BY ORDER APPARENTLY IN HIS FAVOR MUST FIRST PRESENT QUESTION TO CIRCUIT COURT.—If a party is aggrieved by a ruling or order apparently in his favor, but which does not give him all he is entitled to, or is otherwise prejudicial to his legal rights, he should present the question to the trial Court in the first instance, and should take the appeal from the Court's refusal to set aside or correct the ruling or order.

7. APPEAL AND ERROR—EXCEPTIONS MUST BE CONSIDERED IN LIGHT OF THEORY AT TRIAL.—The exceptions must be considered in the light of the general rule that the theory pursued in the trial Court with respect to the relief sought, and the grounds therefor, must be adherred to in the Appellate Court.

8. EVIDENCE—DECLARATIONS OF GRANTOR AGAINST INTEREST ARE ADMISSIBLE AGAINST GRANTEE.—Declarations by plaintiff's predecessor in title, made while he still owned the land, to the effect that the railroad company, under the right of way granted them, could occupy the entire tract, is admissible against the plaintiff as a declaration against interest.

9. APPEAL AND ERROR—ISSUES EXCEPTED TO HELD IMMATERIAL UNDER EVIDENCE.—Exceptions assigning error in submitting to the jury the question whether defendants had acquired a title in the lands in dispute show no ground for reversal where the only issue made by the evidence, which was clearly submitted by the trial Court to the jury, was as to the extent of defendant's easement for railroad purposes, upon which issue the jury found for the plaintiff.

10. RAILROADS—CHARGE ON PRESUMPTION OF PERMISSIVE ENTRY ON LAND AUTHORIZED.—Evidence that a railroad company entered and constructed its line upon a tract of land with the consent of the owner, and that the company had been in possession of the whole tract to the extent reasonably necessary for its purposes for a period of more than thirty years, and the owner resided within 200 yards of the tract, held to warrant a charge that, if the railroad took all the tract, the owner was there and looking on, and that the presumption was that they paid for it or took it with his consent.

11. APPEAL AND ERROR—CHARGE AS TO ISSUE ON WHICH JURY FOUND FOR APPELLANT IS NOT PREJUDICIAL.—A charge with reference to an issue on which the jury subsequently found for appellant was not prejudicial error, though it stated there was a presumption in favor of appellee.

Before SEASE, J., York, December, 1919. Affirmed.

Action by W. B. Wilson against the Southern Railway, Carolina Division, and Southern Railway Company. After

a verdict in favor of the plaintiff for $1,500, and denial of plaintiff's motion for a new trial, plaintiff appealed, and Isabella H. Wilson, as executrix, was substituted for the original plaintiff.

The following are the exceptions:

(1) That it was error for the Court to have allowed the witnesses, W. C. Hutchison and D. Hutchison, to testify to an alleged agreement or contract had between A. E. Hutchison and the Charleston, Cincinnati & Chicago Railroad Company in 1888, whereby said railroad company took possession of the said lands, the error being: (a) That such testimony was hearsay and incompetent. (b) That A. E. Hutchison at the time of making said alleged declarations with reference to said lands was not in the possession thereof.

(2) That it did not appear from the evidence that the defendant had legal title to said lands, and therefore an error for the Court to have submitted the legal issue of title to the jury.

(3) That, defendant not having legal title to said lands, it was error for the Court to have submitted to the jury and allowed the defendant the benefit of the defense of an equitable title.

(4) That it was error for the Court to have submitted to the determination of the jury the equitable title of the defendant.

(5) That there is no evidence tending to prove that the defendants held said lands adversely, and it was error to have allowed the defendants the benefits of this defense, there being no evidence tending to prove the same.

(6) That the undisputed evidence tended to prove that title to said lands vested in the plaintiff, and it was error for the Court not to have sustained the motion for a new trial upon this ground.

(7) That there was no evidence tending to prove that the value of said lands was merely $1,500, and it was error not to have granted a new trial upon this ground.

(8) That the Court erred in charging the jury as follows: "Yes, sir; but I think that is the law applicable to what you find to, what they actually took possession of for railroad purposes. As I told you before, I think the main question of building was the extent of taking. Mr. Hutchison, of course, if they took it all for railroad purposes, Mr. Hutchison was there and looked on, and the presumption is that they did take it all; the presumption also is that they paid for it, or that it was by the consent of Mr. Hutchison"— the error being: (a) That there was no presumption arising that the railroad took possession of all of the land in litigation. (b) That it was error under the evidence to charge the jury that there was a presumption that the railroad paid A. E. Hutchison for this land in litigation. (c) That under the evidence the charge was on the facts.

(9) That it was error for the Court not to have stricken from the record on motion of the plaintiff the testimony of W. C. Hutchison and D. Hutchison relating to an alleged arrangement had between A. E. Hutchison in 1888 with the Charleston, Cincinnatti & Chicago Railroad with reference to the occupancy of the lands in dispute, said testimony being hearsay and incompetent.

*Mr. J. Harry Foster,* for appellant, cites: *Declaration of party out of possession inadmissible:* 95 S. C., 135; 18 S. C., 494; 36 S. C., 598; 1 Greenl. Ev., 109.

*Messrs. Spencer, Spencer & White,* for respondents, cite: *Declarations against interest and in reply admissible:* 16 Cyc., 1217; 1 R. C. L., 468, 522; 48 S. C., 487; 53 S. C., 31; 100 S. C., 279; 109 S. C., 429; *Case resembles* 99 S. C., 310; 105 S. C., 320; 37 S. C., 386; 11 Rich., 91; 15 S. C., 481. *Verbal grant and twenty years' continuous use establishes title:* 86 S. C., 267; 86 S. C., 295; 1 Hill Ch., 376;

2 Rich., 19; 72 S. C., 312; 80 S. C., 110. *Plaintiff entitled neither to land or damages:* 69 S. C., 481; 111 S. C., 124.

*Messrs. McDonald & McDonald,* for respondents, cite: *Declarations of owner against interest admissible:* 1 R. C. L., 468, 522; 1 Ill. Evid., Secs. 438–40; 79 S. C., 53; McM. Eq., 157; Bail. Eq., 492; 3 S. C., 577; 77 S. C., 129; 100 S. C., 279; 88 S. C., 283. *Particularly when in reply to evidence of plaintiff:* 27 S. C., 367; 18 S. C., 494; 36 S. C., 598; 48 S. C., 484; 104 S. C., 361; 109 S. C., 429; 9 Rich. L., 53; 42 S. C., 370; 54 S. C., 138. *Right of compensation for easement did not pass under deed to plaintiff:* 15 S. C., 480; 15 S. C., 486; 86 S. C., 268; 89 S. C., 558; 99 S. C., 181. *Harmless error:* 109 S. C., 429. *Plaintiff could not recover possession, only compensation:* 111 S. C., 115. *Compensation adequate:* 111 S. C., 124; 69 S. C., 481.

January 18, 1923.

The opinion of the Court was delivered by MR. JUSTICE MARION.

Action to recover several small parcels of land adjacent to the main tracks of the defendant Southern Railway, Carolina Division, in the city of Rock Hill, S. C., and for damages on account of alleged "wrongful taking and trespassing thereon." The exceptions will be reported.

The proprietary rights of the plaintiff, for the alleged invasion of which a remedy was sought in this action, were those acquired by virtue of a deed of conveyance from Thos. F. McDow, as trustee in bankruptcy of A. E. Hutchison, to W. B. Wilson, plaintiff's testate, executed in the year of 1901, pursuant to a sale at public auction of all the right, title, and interest of the said A. E. Hutchison, bankrupt, in certain real estate. The land in dispute was a part of lot A covered by said trustee's deed. Responsive to allegations of his complaint the original party plaintiff testified, in substance, that, at the time of the sale at which he purchased

in 1901, there were three or four side tracks of the railway company running over lot A, and that there were then located thereon a coal chute, oil tank, an old box car, a storage bin, and a building in one corner; that he entered into possession of said lot A, claiming everything except the part of it occupied by the tracks and at various times had portions of the lot plowed up, and also erected a fence, but that nothing he did interfered with the use by the railroad of its sidetracks or of its yard and main track; that he stopped the digging by the railroad of a well on the land in 1906, objected to and prevented the laying of a side track in 1911, and objected to and unsuccessfully endeavored to prevent the laying of a side track thereon in 1917 or 1918, following which this action was brought.

The defendant alleged, and adduced evidence tending to establish that in 1888 E. A. Hutchison was the owner in fee of said lot A; that in that year the defendants' predecessor in interest, the Charleston, Cincinnati & Chicago Railroad Company, constructed its line of railway through the city of Rock Hill, and acquired from the said A. E. Hutchison, as it had the right under its charter to do, the right of way for the laying of its tracks an easement for the maintenance of its yard and for the construction of its depot, shop, and other necessary structures for railway purposes, upon the whole of lot A; that the said A. E. Hutchison by verbal agreement granted the said easement in consideration of the construction by the railroad company of industrial side tracks to a cotton mill of which Mr. Hutchison was then president, and in which he was a large stockholder; that the conditions of said agreement were fully performed on the part of both Hutchison and the railroad; and that the said lot, including the parcels claimed by the plaintiff, had ever since the year 1888 been in the open, notorious, and continuous possession and use of the defendants and of their predecessors in interest to the extent they were legally entitled to assert such possession

and use by virtue of their easement for necessary railroad purposes.

Evidence bearing upon the value of the land in controversy was introduced by both parties. It appeared that the price paid by the plaintiff for whatever rights he acquired in the land in the year 1901 was about $200, and that in about 1906 the plaintiff sold to a warehouse company his interest in and to one-half of the land for $250 or $300. The jury were sent to Rock Hill to view the premises. Upon the issues joined the cause was tried in the Court of Common Pleas before Judge Sease and a jury at York, December, 1919. The jury rendered a verdict in favor of the plaintiff for "$1,500 compensation." The plaintiff moved for a new trial on the minutes of the Court upon grounds which will be hereafter set out.

While the case does not disclose that an appeal was taken, the party appearing as appellant in this Court was the plaintiff in the Circuit Court, in whose favor a verdict was rendered. Whether judgment was entered upon the verdict does not appear from the record. Since no appeal would lie from the verdict of the jury (*Winsmith v. Walker*, 5 S. C., 473; *Bank v. Gary*, 14 S. C., 571); in the absence of judgment thereon, it must be assumed that plaintiff's appeal is from the order of the Circuit Court refusing the motion for a new trial, such order being the only appealable adjudication of the Court below disclosed by the case.

The only exception which imputes error to the trial Court in refusing the motion for a new trial (6 and 7) are very properly predicated upon and confined to the grounds of that motion as made in the Circuit Court. *Crawford v. Baltimore Co.*, 98 S. C., 121; 82 S. E., 273; *McClure v. Home Ins. Co.*, 111 S. C., 463; 98 S. E., 287. Those grounds are:

"(1) That the undisputed evidence tended to prove that title to said lands was vested in the plaintiff"; and "(2)

that there was no evidence tending to prove that the value of said lands was only $1,500, while the undisputed evidence tended to prove that the value of said lands was greatly in excess of this small amount."

That this Court has no jurisdiction in a law case "to review orders granting or refusing new trials, when they are based upon and involve the decision of questions of fact, unless it appears that the finding is wholly unsupported by evidence, or the conclusion reached was influenced or controlled by some error of law," is too well settled to require discussion. *Miller v. R. Co.*, 95 S. C., 472; 79 S. E., 645; *Turner v. Ry. Co.* (S. C.), 113; S. E., 360. In the grounds for the motion for new trial no error of law is pointed out or suggested. If the refusal to grant the new trial amounted to error of law in that the verdict sought to be set aside was wholly unsupported by evidence, having made no motion to direct a verdict in accordance with such alleged conclusive force and effect of the evidence, pursuant to rule 77 of the Circuit Court (73 S. E., vii), it would seem clear that plaintiff is not now in position to make that contention. *Pendarvis v. Asbestos, etc., Co.*, 101 S. C., 347; 85 S. E., 773; *Du Pre v. Railway*, 96 S. C., 346; 80 S. E., 710; *Baker v. Tel. Co.*, 84 S. C., 477; 66 S. E., 182; 137 Am. St. Rep., 848. Waiving that objection, however, we have carefully examined the evidence set out in the record, and are clearly of the opinion that there was ample evidentiary foundation for the verdict of the jury. See *Huggins v. A. C. L. R. Co.*, 96 S. C., 267; 79 S. E., 406; *Yarborough v. Columbia, etc., Co.*, 100 S. C., 33; 84 S. E., 308.

The remaining exceptions are directed to the assignment of alleged errors in the admission of testimony and in the Judge's charge to the jury. The appellant's position in this Court, in that the objective of her appeal is to set aside a verdict in her own favor, is a somewhat anomalous one. By the terms of our Statute law

(Section 376, Code Civ. Proc. 1912), the right of appeal is accorded only to a "party aggrieved."

"Although there are exceptional cases, the general rule is that a plaintiff or defendant cannot appeal or prosecute a writ of error from or to a judgment, order, or decree in his own favor, since he is not aggrieved thereby," etc., 3 C. J., p. 635, § 495.

See *Brock v. Kirkpatrick,* 72 S. C., 491; 52 S. E., 592.

6 . If it be conceded that an exceptional case is presented where a finding or verdict is favorable in form to a party, but does not give him all he is entitled to, or is otherwise prejudicial to his legal rights, the aggrieved party should present that question to the trial Court in the first instance, and the appeal should be taken from the refusal to set aside or correct the verdict. See *Gunter v. Fallow,* 78 S. C., 457; 59 S. E., 70. Since the only exceptions which assign error in the refusal to set aside the verdict and to grant a new trial, upon the grounds urged in the Circuit Court, have been passed upon, the appellant is not entitled as a matter of right, certainly, in the absence of an appeal from a judgment upon the verdict, to have the other exceptions noted considered by this Court. We have nevertheless carefully examined these exceptions in an effort fairly to appraise the merits of appellant's position.

7 The plaintiff's cause of action was predicated upon the theory that plaintiff's deed from the trustee of A. E. Hutchison, bankrupt, in 1901 gave him the legal title to the premises in question, and that the appropriation by the defendants of any part of lot A not already occupied for railroad purposes in 1901 was an unlawful trespass upon or taking of plaintiff's property. The plaintiff himself testified that the alleged encroachments of the railroad company amounted in taking "practical possession of the property" and rendered the "remaining property of no value." The Circuit Judge charged that, to the extent the property had been unlawfully encroached upon and appropriated, the

27—S. C.—123

plaintiff was entitled to full compensation, and also to puni-
tive. damages, "if the railroad took it in a willful and
wanton manner," but that plaintiff was not entitled to a re-
covery of the land so taken under the principle recognized
and applied by this Court in *Cayce v. So. Ry. Co.,* 111 S. C.,
115, 123; 96 S. E., 725. To that portion of the Judge's
charge so announcing and applying the legal measure of
defendant's liability, there was no exception taken either
upon the motion for a new trial in the Court below or upon
the appeal to this Court. Indeed, the case seems to. have
been tried by both parties without objection upon the theory
that the whole of the land claimed by the plaintiff had been
appropriated by defendants for railroad purposes, and that,
if such appropriation was in excess of the rights acquired
by the railroad under the original entry, the plaintiff was
entitled to an award of permanent damages. The appellant's
exceptions must therefore be considered in the light of the
general rule that the theory pursued in the trial Court with
respect "to the relief sought and grounds therefor" must
be adhered to in the appellate Court. 3 C. J., pp. 730, 737,
§§ 625, 630.

The exceptions most earnestly urged by appellant
(1 and 9) relate to the admission over objection of
the testimony of W. C. and David Hutchison, wit-
nesses for the defendants, as to declarations of their father,
A. E. Hutchison, with reference to the character and extent
of the easement by him verbally granted to the railroad at
or prior to the time of the original entry for railroad pur-
poses in 1888. These declarations were statements made by
A. E. Hutchison a few months after the railroad was
constructed on lot A, and prior to the sale in the summer
of 1901 (when the plaintiff acquired such right and title as
A. E. Hutchison then held), to the effect that he, the said
A. E. Hutchison, had given the railroad the right to use
the whole of lot A for railroad purposes in consideration
of the construction by the railroad of a certain industrial
side track. It is contended that this testimony was inad-

missible for the reason that A. E. Hutchison had parted
with the possession of lot A at the time he made the alleged
declarations. At the time of the said declarations A. E.
Hutchison was the owner in fee, and as such entitled to
possession as was the plaintiff when he acquired Hutchi-
son's title in 1901. It is somewhat difficult to perceive how
the plaintiff, as the grantee of Hutchison's title, could
assert a right to possession which was not in Hutchison,
from whom he derived. Regardless of that respect of the
situation, however, the testimony was clearly admissible
under the general principle that "the statements of a grantor
of realty, made while title was by hypothesis still in him,
are receivable as admissions against any grantee claiming
under him." Wigmore on Evidence, §§ 1082, 1457, 1458.
The declaration was an admission against proprietary in-
terest, conceding and acknowledging that the owner's title
was subject to and burdened with an easement granted. As
such it was admissible under the principle above stated, and
also in reply to testimony introduced by plaintiff as to other
declarations of A. E. Hutchison tending to show character
of his holding or possession. *Levi v. Gardner,* 53 S. C., 31;
30 S. E., 617; *Ellen v. Ellen,* 16 S. C., 135; *Metz v. Metz,*
48 S. C., 486; 26 S. E., 787.

Exceptions 2, 3, 4, and 5 assign error in submitting
to the jury the question of whether the defendants
had acquired a title, legal or equitable, by adverse
possession or otherwise, in the lands in dispute. An ex-
amination of the charge fails to disclose any adequate basis
for these assignments of error as to the improper submission
of issues of title. The one issue made by the evidence
clearly submitted by the trial Court to the jury was as to
the extent of the defendants' easement for railroad purposes
in this land, to which the plaintiff asserted unencumbered
title as owner of the fee. Upon this issue the jury found
for the plaintiff that the land, or certainly a portion of it,
was not burdened with the easement claimed by the de-
fendants. Appellant has wholly failed to point out any

casual connection between these alleged errors and the unsatisfactory verdict of the jury complained of.

What has just been said is equally applicable to appellant's eighth exception, assigning error in the charge of the Judge to the effect that, if they took it all for railroad purposes, Mr. Hutchison was there and looking on, and the presumption is that they did take it all," and that "they paid for it or that it was by the consent of Mr. Hutchison." The fact that the railroad entered and constructed its line upon lot A with the consent of Mr. Hutchison in 1888 was not disputed. Plaintiff expressly disclaimed any right to disturb the occupation of the railroad to the extent of its original entry and actual possession. He further testified that "Capt. A. E. Hutchison's home was about 200 yards east of lot A." The defendants' contention was they had taken and had been in possession of the whole of lot A—that is, holding and using it to the extent found reasonably necessary for railroad purposes—for a period of more than thirty years. In the light of the defendants' contention and of the undisputed facts as to the original permissive entry and occupation, during the ownership and control of the property by Capt. Hutchison, in the year 1888, some thirty years before the commencement of the action, there was no error in instructing the jury that the presumption indicated might be indulged, especially when predicated, as stipulated by the Judge, upon the condition, "if they took it all for railroad purposes." See, generally, *Riddlehoover v. Kinard,* 1 Hill Eq., 376; *McLeod v. Rogers,* 2 Rich., 19; *Powers v. Smith,* 80 S. C., 110; 61 S. E., 222; *Lewis v. Pope,* 86 S. C., 295; 68 S. E., 680; *Harman v. Ry. Co.,* 72 S. C., 228; 51 S. E., 689.

In any view, since the jury found adversely to the defendants' contention as to the rights acquired by the railroad under the original entry, the charge could not have been prejudicial to the plaintiff.

The exceptions are overruled, and the order refusing the motion for a new trial is affirmed.